UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JODIE L. MALICKI
on behalf of herself and all
others similarly situated,

               Plaintiff,

v.

LEMAN U.S.A., INC.,
a Domestic Corporation

               Defendant.

Case No. 17-cv-1674

**CLASS AND COLLECTIVE
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.     This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Jodie L. Malicki., on behalf of herself and all other similarly situated current and former non-exempt Office and Warehouse employees of Defendant, Leman U.S.A., Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendant, Leman U.S.A., Inc., is a Sturtevant, Wisconsin corporation that provides transportation and logistical services throughout the United States.

3. Defendant operated (and continues to operate) an unlawful compensation system that deprives current and former non-exempt Office and Warehouse employees of their wages earned for all compensable work performed each workweek, including the requisite overtime pay premium for each hour worked over forty (40) hours in a workweek. Specifically, Defendant's unlawful policies fail to compensate current and former non-exempt Office and Warehouse employees for all work performed, including at an overtime rate of pay, by deducting thirty (30) minutes of time each work day from current and former non-exempt Office and Warehouse employees' timesheets regardless of whether, during this thirty (30) minute time period on each work day, said employees: (1) performed compensable work; (2) were not completely relieved from duty for the purpose of eating a regular meal; and/or (3) were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes.

4. Defendant's deliberate failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8. Defendant is a Wisconsin corporation with a principal place of business of 1860 Renaissance Boulevard, Sturtevant, Wisconsin 53177.

9. Defendant's registered agent for service of process in the State of Wisconsin is Randy Fortel, located at 1860 Renaissance Boulevard, Sturtevant, Wisconsin 53177.

10. Defendant's home office is located in the State of Wisconsin, located at 1860 Renaissance Boulevard, Sturtevant, Wisconsin 53177 (hereinafter simply Defendant's "Wisconsin location").

11. Defendant operates multiple locations throughout the United States, in addition to its Wisconsin location, including but not limited to offices in the following cities and states: Atlanta, Georgia; Charlotte, North Carolina; Chicago, Illinois; Houston, Texas; Los Angeles, California; Miami, Florida; and New York, New York (hereinafter simply Defendant's "United States locations").

12. For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

13. For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14. Plaintiff, Jodie L. Malicki, is an adult female resident of the State of Wisconsin residing at 6006 Belmar Avenue, Racine, Wisconsin 53402.

3

15.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b), was contemporaneously filed with this Complaint. (ECF No. 1.)

16.     Plaintiff worked as a non-exempt, hourly Office and Warehouse employee at Defendant's Wisconsin location within the last three (3) years from the date of the filing of this Complaint. (ECF No. 1.)

17.     Plaintiff brings this action on behalf of herself and all other similarly situated current and former non-exempt Office and Warehouse employees who work at, worked at, and/or were employed by Defendant at its United States locations, including its Wisconsin location, within the last three (3) years from the date of filing of this Complaint. Plaintiff performed similar job duties as other current and former non-exempt Office and Warehouse employees who work at and/or are employed by Defendant and who were subjected to Defendant's same unlawful policies as enumerated herein.

18.     Plaintiff and all other current and former non-exempt Office and Warehouse employees on whose behalf she brings this Complaint performed compensable work at Defendant's United States locations owned and operated by Defendant.

19.     Defendant supervises Plaintiff's and all other non-exempt Office and Warehouse employees' day-to-day activities.

20.     Defendant has the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other non-exempt Office and Warehouse employees.

21.     Defendant has the ability and authority to review Plaintiff's work performance and the work performance of all other non-exempt Office and Warehouse employees.

22.     Defendant establishes the work rules, policies, and procedures by which Plaintiff and all other non-exempt Office and Warehouse employees abide in the workplace.

23.     Defendant controls the terms and conditions of Plaintiff's and all other non-exempt Office and Warehouse employees' employment.

24.     Defendant establishes Plaintiff's and all other non-exempt Office and Warehouse employees' work schedules and provides Plaintiff and all other non-exempt Office and Warehouse employees with work assignments and hours of work.

25.     Plaintiff's hours of work and the hours of work of all other non-exempt Office and Warehouse employees are tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

26.     From approximately January 2015 to August 1, 2017, Plaintiff worked in non-exempt Office and Warehouse positions at Defendant's Wisconsin location – most recently as a non-exempt, hourly-paid Customer Service Representative employee in the position of Customer Service Representative Supervisor – within the three (3) years preceding the filing of this Complaint. (ECF No. 1.)

27.     As part of the transportation and logistical services that Defendant provides to its customers and clients throughout the United States, including at and from its Wisconsin location, Plaintiff and all other non-exempt Office and Warehouse employees of Defendant are or were employed and performed work in various positions, including but not limited to the following positions: Accounting; Accounts Payable; Accounts Receivable; Information Technology; Export Agent; Import Agent; Forwarding Agent; Import Forwarding Agent; Freight Forwarding Agent; Trafficking; Transportation; Customer Service Representative; and Customer Service Representative Supervisor.

5

28.     On a daily basis, Plaintiff worked alongside other non-exempt Office and Warehouse employees of Defendant employed in the positions listed above at Defendant's Wisconsin location as part of the transportation and logistical services that Defendant provided to its customers and clients throughout the United State.

29.     Defendant's Employee Handbook, as provided to its non-exempt Office and Warehouse employees at Defendant's Wisconsin location, contains the terms and conditions of employment for all of its non-exempt Office and Warehouse employees.

30.     According to Defendant's Employee Handbook, it "is designed to acquaint [employees] with Leman and provide [employees] with information about working conditions, employee benefits, and some of the policies affecting your employment."

31.     According to Defendant's Employee Handbook, Defendant "compensates all non-exempt employees time and one-half for all hours paid in excess of forty each week."

32.     According to Defendant's Employee Handbook, "The standard work shift is eight (8) hours per day. The basic work week is forty (40) hours. The standard work week begins on Monday morning, and ends Friday afternoon."

33.     According to Defendant's Employee Handbook, "Both office and warehouse [employees] observe a one half hour (some exceptions), unpaid lunch time."

34.     According to Defendant's Employee Handbook, "All hourly employees are required … to clock in and clock out in the following situations:

      Clock In        - At the beginning of your shift.

      Clock Out       - When leaving the premises because of non-work related reasons.

      Clock In        - When returning from a non-work related absence.

      Clock Out       - At the end of your shift."

6

35.     According to Defendant's Employee Handbook, "Leaving the company premises during paid rest periods is not permitted for non-exempt employees."

36.     According to Defendant's Employee Handbook, "From time to time, you may have to leave the premises during regular work hours for Leman business as requested by your supervisor. 'Clocking' in/out would not be required. However, if a personal emergency arises which requires you to leave during your regular hours, inform your supervisor and then 'clock out'. 'Clock in' when you return to work."

37.     According to Defendant's Employee Handbook, "The use of compensatory time off by a non-exempt employee is permissible only when he/she takes the compensatory time off in the same work week as the extra time worked."

38.     According to Defendant's Employee Handbook, "Overtime work must always be performed on the Leman premises."

39.     During Plaintiff's employment with Defendant, it did not have a process or procedure for Plaintiff or any other non-exempt Office and Warehouse employee to report payroll errors or uncompensated hours worked.

## DEFENDANT'S UNLAWFUL POLICIES

40.     In approximately January 2016, Defendant began utilizing a paperless software program for timekeeping purposes for its non-exempt Office and Warehouse employees (hereinafter simply Defendant's "timekeeping software").

41.     Upon information and belief, Defendant's timekeeping software is utilized at all of its United States locations, including its Wisconsin location.

42.     Prior to approximately January 2016, Defendant utilized manual, paper timecards for timekeeping purposes for its non-exempt Office and Warehouse employees.

7

43. Plaintiff and all other non-exempt Office and Warehouse employees have unique "log in" information for timekeeping and/or recordkeeping purposes.

44. Plaintiff and all other non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, record time worked each workday by "clocking in" at the beginning of their shifts and "clocking out" at the end of their shifts via Defendant's timekeeping software on Defendant's computer system.

45. Defendant requires Plaintiff and all other non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, to record time worked each workday by "clocking in" at the beginning of their shifts and "clocking out" at the end of their shifts via Defendant's timekeeping software.

46. Defendant's timekeeping software records Plaintiff's and all other non-exempt Office and Warehouse employees' time "clocked in" and "clocked out" each workday.

47. Plaintiff and all other non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, use their unique "log in" information each workday to "clock in" at the beginning of their shifts and "clock out" at the end of their shifts via Defendant's timekeeping software.

48. When Plaintiff and all other non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, use their unique "log in" information each workday to "clock in" at the beginning of their shifts and "clock out" at the end of their shifts via Defendant's timekeeping software, the information is stored and retained electronically by Defendant.

49. Immediately after using her unique "log in" information to "clock in" at the beginning of her shift each workday, Plaintiff performed compensable work.

50. Immediately before using her unique "log in" information to "clock out" at the end of her shift each workday, Plaintiff performed compensable work.

51. Generally, Plaintiff and all other non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, have customary weekly work schedules. For example, Plaintiff's customary weekly shift schedule was Monday through Friday, 8:00 a.m. to 4:30 p.m.

52. Plaintiff and all other non-exempt Office and Warehouse employees' customary weekly work schedules reflect the start times and end times of the work day. For example, the length or duration of Plaintiff's weekly work schedule was approximately eight (8) hours and thirty (30) minutes per day, or approximately forty-two (42) hours and thirty (30) minutes per workweek.

53. At times and depending on work flow, Plaintiff and all other non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, "clocked in" before their daily scheduled start time (and perform compensable work immediately thereafter) and/or "clocked out" after their daily scheduled end time (and perform compensable work immediately prior). When this occurred, Plaintiff and all other non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, recorded their "clock in" and "clock out" times via Defendant's timekeeping software.

54. Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

55. Defendant's timekeeping software automatically deducted thirty (30) minutes of time each work day from current and former non-exempt Office and Warehouse employees' timesheets.

56. Defendant's timekeeping software automatically deducted thirty (30) minutes of time each work day from current and former non-exempt Office and Warehouse employees' timesheets as representative of an unpaid thirty (30) minute lunch break.

57. Defendant's timekeeping software automatically deducted thirty (30) minutes of time each work day from current and former non-exempt Office and Warehouse employees' timesheets as representative of an unpaid thirty (30) minute lunch break despite non-exempt Office and Warehouse employees performing compensable work during this unpaid lunch period.

58. Defendant's timekeeping software automatically deducted thirty (30) minutes of time each work day from current and former non-exempt Office and Warehouse employees' timesheets as representative of an unpaid thirty (30) minute lunch break despite non-exempt Office and Warehouse employees not being completely relieved from duty for the purpose of eating a regular meal.

59. Defendant's timekeeping software automatically deducted thirty (30) minutes of time each work day from current and former non-exempt Office and Warehouse employees' timesheets as representative of an unpaid thirty (30) minute lunch break despite non-exempt Office and Warehouse employees not being completely relieved of duty or free from work for at least thirty (30) consecutive minutes.

60. Defendant's timekeeping software automatically deducted thirty (30) minutes of time each work day from current and former non-exempt Office and Warehouse employees' timesheets as representative of an unpaid thirty (30) minute lunch break despite Defendant's knowledge that non-exempt Office and Warehouse employees performed compensable work, were not completely relieved from duty for the purpose of eating a regular meal, and/or were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes.

61. Defendant's policy in practice does not require Plaintiff and all other current and former non-exempt Office and Warehouse employees to "clock out" for lunch breaks if they physically remain on Defendant's premises for the duration of the break.

62. When Plaintiff and all other non-exempt Office and Warehouse employees "clocked out" for their lunch breaks during any given work day, they did not physically remain on Defendant's premises.

63. When Plaintiff and all other non-exempt Office and Warehouse employees did not "clock out" for their lunch breaks during any given work day, they physically remained on Defendant's premises.

64. During Plaintiff's employment with Defendant and on approximately one (1) day per workweek, Plaintiff took a duty or work free lunch break of at least thirty (30) consecutive minutes by "clocking out" and physically leaving Defendant's premises, and then "clocking in" upon her return to work from her lunch break.

11

65. During Plaintiff's employment with Defendant, if Plaintiff did not "clock out" and physically leave Defendant's premises for her lunch break (and "clock in" upon her return to work from her lunch break), she performed compensable work during her lunch period, was not completely relieved from duty for the purpose of eating a regular meal, and/or was not completely relieved of duty or free from work for at least thirty (30) consecutive minutes.

66. During Plaintiff's employment with Defendant and prior to Defendant's implementation of its timekeeping software in approximately January 2016, Defendant's Human Resources Department, among others, announced to all of the non-exempt Office and Warehouse employees at Defendant's Wisconsin location: "We automatically take out half an hour for lunch every day regardless of whether you take a lunch break," or words to that effect; and, "It doesn't matter whether you take a lunch; half an hour will be taken out," or words to that effect.

67. Defendant's policy in practice does not compensate Plaintiff and all other current and former non-exempt Office and Warehouse employees based on their time actually worked.

68. Plaintiff's and all other current and former non-exempt Office and Warehouse employees' actual time worked each workday is reflected by their "clock in" and "clock out" times via Defendant's timekeeping software. For example, if Plaintiff, on any given work day, "clocked in" at 8:00 a.m., "clocked out" at 4:30 p.m., and performed compensable work from 8:00 a.m. to 4:30 p.m., she worked a total of eight (8) hours and thirty (30) minutes that work day. Despite this, and despite Defendant having an accurate record of Plaintiff's time actually worked on this work day, Defendant's timekeeping system reflected that Plaintiff worked only eight (8) hours this workday, as illustrated by the following example:

| In | Out | In | Out | Total Hours |
|----|-----|----|-----|-------------|
| 8:00 | 4:30 | | | 8 |

69. Defendant compensated Plaintiff and all other current and former non-exempt Office and Warehouse employees based upon hours worked as reflected via its timekeeping software.

70. Defendant compensated Plaintiff and all other current and former non-exempt Office and Warehouse employees based upon hours worked as reflected via its timekeeping software, not time actually worked.

71. Despite having this detailed record of time actually worked by Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, Defendant does not properly and lawfully compensate Plaintiff and all other current and former non-exempt Office and Warehouse employees for all hours actually worked.

72. Defendant's policy in practice required Plaintiff and other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, to perform compensable work during their lunch period, depriving them of being completely relieved from duty for the purpose of eating a regular meal or of being completely relieved of duty or free from work for at least thirty (30) consecutive minutes each workday.

73. Defendant maintained a de facto policy to not compensate Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, for lunch periods during which work was performed and/or recorded.

13

74.     Defendant's policies did not provide Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, with a mechanism to prevent them from having pay automatically deducted for compensable time worked.

75.     Defendant's policies did not provide Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, a process by which to report uncompensated work time.

76.     Defendant's unlawful policies as described above did not properly and lawfully compensate Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, for all hours actually worked.

77.     Defendant was or should have been aware that it was deducting thirty (30) minutes of time each work day from current and former Office and Warehouse employees' timesheets even if said employees were performing compensable work during their lunch period.

78.     Defendant was or should have been aware that it was deducting thirty (30) minutes of time each work day from current and former Office and Warehouse employees' timesheets even if said employees were not completely relieved from duty for the purpose of eating a regular meal or were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes each work day.

79.     Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, for all hours actually worked.

14

80. Defendant was or should have been aware of its failure to compensate Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, for all hours worked each workweek, including at an overtime rate of pay.

81. Within the last three (3) years from the date of filing of this Complaint, (ECF No. 1), Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, frequently worked in excess of forty (40) hours per workweek.

82. Defendant's policies in practice failed to compensate and deprived Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, for all hours worked each workweek, including at an overtime rate of pay.

83. During weeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, to work without being paid appropriate and lawful compensation for all hours worked, including at an overtime rate of pay.

84. As a result of Defendant's unlawful policies and practices as described above, Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, did not receive approximately thirty (30) minutes to three (3) hours of compensation for work performed per workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

85.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> **FLSA Collective Class**:  All individuals who are or have worked at and/or who are or have been employed by Defendant at any of its United States locations as a non-exempt Office and/or Warehouse employee within the three (3) years prior to this action's filing date (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant automatically deducting thirty (30) minutes of compensable work time each work day.

86.     Defendant, as a matter of policy and practice, did not compensate its employees for all hours of compensable work performed by the FLSA Collective Class during a workweek.

87.     These practices resulted in Plaintiff and the FLSA Collective Class being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

88.     Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work during the workweek without proper compensation for all hours of work. The effect of such a practice was for Defendant to deny the FLSA Collective Class their agreed upon wages, including overtime compensation at one and one-half times the regular rate, for the hours worked that were not counted as work.

89.     The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective Class.

90.     The FLSA Collective Class claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

16

91.     Upon information and belief, Plaintiff and the FLSA Collective Class are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective Class.

92.     Plaintiff and the FLSA Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked including overtime compensation.

93.     The FLSA Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Class via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

94.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective Class.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

95.     Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> **Wisconsin Class**:  All individuals who are or have worked at and/or who are or have been employed by Defendant at its Wisconsin location as a non-exempt Office and/or Warehouse employee within the three (3) years prior to this action's filing date (ECF No. 1) who have not been compensated for all hours worked in a workweek, including hours in excess of forty (40) hours in a workweek, or for all hours of work at his or her agreed upon rate of pay, as a result of Defendant automatically deducting thirty (30) minutes of compensable work time each work day.

96.     The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each Wisconsin Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

97.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are between approximately forty (40) to seventy-five (75) members of the Wisconsin Class.

18

98.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

99.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

100.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

101.    Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

102.    Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

103.    There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following:

    a)  Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law;

b) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated;

c) Whether Defendant failed to pay the Wisconsin Class for all work Defendant suffered or permitted them to perform; and

d) The nature and extent of class-wide injury and the measure of damages for the injury.

104.   The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of herself and the FLSA Collective Class)**

105.   Plaintiff, on behalf of herself and the FLSA Collective Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

106.   At all times material herein, Plaintiff and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

107.   At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective Class as provided under the FLSA.

108.   At all times material herein, Plaintiff and the FLSA Collective class were employees of Defendant as provided under the FLSA.

109.   Plaintiff and the FLSA Collective Class are victims of uniform compensation policy and practice in violation of the FLSA.

110.   Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

21

111.    Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA Collective Class their agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

112.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

113.    Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

114.    Defendant's failure to properly compensate Plaintiff and the FLSA Collective Class and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

115. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective Class for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

116. Plaintiff and the FLSA Collective Class are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

117. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of WWPCL – Unpaid Overtime
### (Plaintiff, on behalf of herself and the Wisconsin Class)

118. Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

119. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 109.01(1r).

120. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 103.001(5).

121. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 104.01(2)(a).

122. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 109.01(2).

123. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 103.001(6).

124. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 104.01(3)(a).

125. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Admin. Code § DWD 272.01(5).

126. At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

127. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

128. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

129. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

130. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

131. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid

compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

132.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**THIRD CLAIM FOR RELIEF**
**WWPCL - Failure To Pay Agreed Upon Wage**
**<u>(Plaintiff, on behalf of herself and the Wisconsin Class)</u>**

133.    Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

134.    Plaintiff and the Wisconsin Class have been entitled payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the Wisconsin Class pursuant to Wis. Stat. § 109.03.

135.    Defendant violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin Class for each hour worked by Plaintiff and the Wisconsin Class through the impermissible time shaving policies described above.

136.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff, on behalf of herself and the Wisconsin Class, seeks damages in the amount of Plaintiff and the Wisconsin Class members' respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

137.     Plaintiff, on behalf of herself and the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a)   At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former non-exempt Office and Warehouse employees who worked at and/or were employed at Defendant's locations informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b)   At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c)   At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d)   Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e)   Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Office and Warehouse employees at Defendant's locations damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f)   Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Office and Warehouse employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

26

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Office and Warehouse employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated non-exempt Office and Warehouse employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated non-exempt Office and Warehouse employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 28th day of November, 2017.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff


s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Kelly L. Temeyer, State Bar No. 1066294

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
ktemeyer@walcheskeluzi.com

27