UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JODIE L. MALICKI
on behalf of herself and all
others similarly situated,

        Plaintiff,                            Case No. 17-cv-1674

     v.

LEMAN U.S.A., INC.,

        Defendant.

## PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND AUTHORIZATION OF NOTICE TO SIMILARLY-SITUATED PERSONS PURSUANT TO 29 U.S.C. § 216(b)

Plaintiff, Jodie L. Malicki, by and through her attorneys, Walcheske & Luzi, LLC, move the Court to conditionally certify a Fair Labor Standards Act ("FLSA") collective action against Defendant, Leman U.S.A., Inc., and to authorize and order that Notice be sent to members of the following collective:

> All individuals who were employed by Defendant at any of its United States locations as an hourly-paid, non-exempt Office and/or Warehouse employee within the three (3) years prior to this action's filing date (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's impermissible and unlawful time shaving.

As is explained further in Plaintiff's Brief in Support of Her Motion for Conditional Certification and Authorization of Notice to Similarly-Situated Persons Pursuant to 29 U.S.C. § 216(b) (hereinafter simply "Plaintiff's Brief"), from November 28, 2014 through April 11, 2016, Plaintiff and all other hourly-paid, non-exempt Office and Warehouse Employees ("Office and

Warehouse Employees") recorded their work time on timecards using a traditional (manual) punch-clock system. Immediately after "clocking in," Office and Warehouse Employees performed compensable work. Likewise, immediately before "clocking out," these same employees performed compensable work.

Defendant's timecards reflected actual time worked each workday; yet, despite this detailed record of time actually worked, Defendant unlawfully and impermissibly shaved time from recorded hours worked for its own benefit and to the detriment of said employees by impermissibly rounding, deducting, and/or failing to count recorded and compensable time. Thus, between November 28, 2014 and April 11, 2016, Defendant failed to compensate Office and Warehouse Employees for all hours actually worked each workweek, including those hours worked in excess of forty (40) in a workweek and at an overtime rate of pay.

As explained in Plaintiff's Brief, conditional certification is proper in this case because the proposed collective members are similarly situated pursuant to 29 U.S.C. § 216(b) as victims of the same unlawful policy in practice at Defendant. Additionally, this Court should authorize notice to the collective and order notice be provided to potential collective members because court authorization of notice to the collective in an FLSA collective action serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action.

Dated this Friday, July 27, 2018.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *David M. Potteiger*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com