UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JODIE L. MALICKI
on behalf of herself and all
others similarly situation,                              Case No. 17-CV-1674

        Plaintiff

v.

LEMAN USA, INC.,

        Defendant

**BRIEF IN OPPOSITION TO MOTION FOR
CONDITIONAL CERTIFICATION OF CLASS**

**INTRODUCTION**

Plaintiff is in the unusual position of asking this Court to certify as a class a number of employees allegedly wronged by an employer's actions – but where neither the actions used as justification for relief nor the time period during which these actions allegedly occurred have any relationship to the allegations in the plaintiff's original complaint. Plaintiff's failure to identify or provide any fact justifying the relief requested in her Complaint requires denial of this motion, and a dismissal of the plaintiff's claims. *See*, Leman USA, Inc's Motion for Summary Judgment.

**FACTS PRESENTLY BEFORE THE COURT**

Nine months ago plaintiff filed a 27 page, 137 paragraph complaint detailing her claims against her former employer, Leman USA, Inc. (Docket ("D.") 1). Although Ms. Malicki started work at Leman on March 2, 2015, her complaint was limited to a time period where employees

1

used "UltiPro," a computerized time keeping system which Leman introduced as a "test" in March 2016, but did not implement until April 11, 2016. D.1; Affidavit of Susan Satula, ¶ 8.

Leman's complained of actions are highlighted with a specific section heading in Ms. Malicki's Complaint:

### DEFENDANT'S UNLAWFUL POLICIES

> 40. <u>In approximately January, 2016</u>, defendant began utilizing a paperless software program for timekeeping purposes for non-exempt office and warehouse employees (herein after simply defendant's "timekeeping software"). D. 1, Page 7. (Emphasis added)

The plaintiff's complaint contains additional allegations specifically limited to the electronic "timekeeping software," and how that software allegedly led to shorting Leman employees compensation for time worked. Plaintiff's Complaint, ¶¶ 44, 45, 46, 47, 48, 53, 55, 56, 57, 58, 59, 60, 68, 69, 70. All of the alleged wrongful conduct and resulting damages in plaintiff's complaint are related solely to Leman's utilization of this electronic timekeeping system.

Confirming that her complaints were limited to Leman's use of the UltiPro electronic timekeeping system, Ms. Malicki testified throughout her deposition that Leman's pre-2016 punch card time system was <u>not</u> a part of her Complaint and caused her no damage:

- "The punch card was fine." Affidavit of Christopher J. Conrad, Ex. 1 (Deposition of Jodie Malicki, July 16, 2018, page 104).

- The punch card system had "nothing to do" with Ms. Malicki's claims. Malicki deposition, page 20.

- Ms. Malicki is unaware of any overtime that Leman failed to pay her when she was using the punch card clock. Malicki deposition, pages 20-21.

- All timekeeping issues that did arise during the "punch card period" were "taken care of" by Leman. Malicki deposition, page 37-38.

Review of Ms. Malicki's deposition transcript shows that from approximately page 9 through page 37 Ms. Malicki is questioned about her work at Leman from March of 2015 through April

2

of 2016, referred to throughout the deposition as the "punch card" period, and she repeatedly testified that not only was she unaware of any time worked during that period for which she was not paid, but also explained how when punch card timekeeping errors occurred, they were remedied by Leman, and the wages paid were double checked against time worked and approved by Ms. Malicki. *See*, generally, Malicki deposition pages 9-37. Ms. Malicki's original complaint and the testimony elicited throughout her deposition specifically excluded this "punch card" period from any claim of wrongdoing.

## ALLEGATIONS FOUND IN MS. MALICKI'S PROPOSED AMENDED COMPLAINT

The Proposed Amended Complaint contains all of the allegations contained in Ms. Malicki's original complaint, but, significantly, seeks to add to that complaint allegations of wrongdoing during the "punch card" period. D.22. Notably, while the allegations from the original Complaint remain, they are never mentioned in plaintiff's Motion for Conditional Certification. D.24. The proposed Amended Complaint contains allegations that Ms. Malicki has already testified are without merit, with the sole intent of relating back these new (and already discredited) claims to her original, now abandoned, allegations.

## ALLEGATIONS IN MS. MALICKI'S MOTION FOR CONDITIONAL APPROVAL

Contrary to the allegations set forth in Ms. Malicki's Complaint, as well as the entirety of the testimony describing Leman's alleged wrongdoing provided by Ms. Malicki during her deposition, Ms. Malicki's Motion for Conditional Certification is <u>entirely</u> based on actions that allegedly took place during the "punch card" period. Beginning on page 4 of her motion, Ms. Malicki defines the alleged wrongful conduct of Leman as taking place "between November 24, 2014 and April 11, 2016." R. 24, page 4. Ms. Malicki then provides examples of Leman's acts, referencing punch card time keeping entries from March 19, 2015 (R. 24, page 5), March 31,

2016 (R. 24, page 6), December 14, 2014 (R. 24, page 5), and January 10, 2016 through January 23, 2016 (R. 24, page 6-7). No showing is made that this timekeeping was inaccurate, if inaccurate was not corrected, or that employees were not properly paid.

A review of Ms. Malicki's Motion for Conditional Approval reveals a complete and total abandonment of everything Ms. Malicki alleged in her original Complaint, and focuses only on a time period and a procedure that Ms. Malicki consistently testified throughout her deposition was handled properly and appropriately by Leman.

## ARGUMENT

### I. A CLASS CANNOT BE CERTIFIED BASED ON ALLEGATIONS THAT ARE NOT BEFORE THE COURT.

Ms. Malicki has asked this Court to certify a class of claimants that are not identified in her Complaint, for actions that are specifically excluded from her claims not only by her Complaint, but also by her extensive testimony. Ms. Malicki cannot provide this Court with any justification supporting her request that the Court's "lenient" definition of a class at this stage encompasses individuals, actions, and a time period that are not identified in her Complaint.

The burden in establishing a *prima facie* case in support of certifying a class falls on the plaintiff. *Blihovde v. St. Croix County, Wis.* 219 F.R.D. 607, 613-14 (W.D. Wis. 2003). It is the Complaint that puts the issues before the Court for consideration by engaging the Court's jurisdiction. As a result, Courts have routinely ruled that complaints must do more than simply provide broad, general statements. A pleading must contain details sufficient to focus discovery, and that would identify the claimed wrongdoing. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). The purpose of these detailed pleading provisions is to not only identify for the Court what allegations it is being required to examine, but also to focus the parties on the facts and legal issues in dispute. *Id.* Unfortunately, the relief that the plaintiff now asks this Court to grant via

4
374664-11948

motion was not identified in the original Complaint, completely circumventing the *Twombly* requirements. The proposed Order for Class Certification bears no resemblance to the actions that have been used to invoke this Court's jurisdiction. Plaintiff has failed to meet its burden and provide for this Court any justification to issue the requested order. Lacking that legal justification, plaintiff's motion must be denied.

## II. APPROVING THE CLASS MS. MALICKI SUGGESTS VIOLATES PRINCIPLES OF FUNDAMENTAL FAIRNESS.

Over the past nine months Leman has spent tens (and tens) of thousands of dollars defending Ms. Malicki's claims that in this motion, she simply abandons. Ms. Malicki not only seeks to change horses mid-stream by seeking conditional approval of an entirely different class, based on allegations arising from a completely different time period than the one identified in her complaint, Ms. Malicki deprives the defendants of their opportunity to demonstrate that Ms. Malicki's proposed new claims, just like the claims set forth in her original complaint, are wholly without merit.[1]

While Leman acknowledges that the standard for conditional certification of a class is often times referred to as "liberal," the standard does not anticipate that defendants have absolutely no opportunity to investigate the underlying claims before preparing a response for the Court. In this action the Court provided Leman nine months to investigate Ms. Malicki's claim (and for Ms. Malicki to identify any evidence to meet her burden of proof) before considering the conditional approval of a class. The Court's action was well considered, because as of today, Ms. Malicki cannot defend her original claims. Ms. Malicki's complete and total abandonment of all of the allegations in her complaint is a *per se* admission that those claims are

---

[1] Leman encourages this Court to review the materials submitted by Leman in opposition to the Motion to Amend Pleadings and its Motion for Summary Judgment, incorporated herein by reference, which demonstrate not only that there is no merit to Malicki's past complaints, but which raise significant doubt about the merit of the new allegations Malicki has set forth in this Motion for Conditional Certification.

5

without merit, and cannot withstand a dispositive motion. Recognizing the utter futility of the claims actually before this Court, Ms. Malicki seeks to side step defendant's opportunity to fully investigate and challenge the claims she now seeks to have this Court approve. Ms. Malicki's request violates all recognized standards of notice and disclosure embodied by the Federal Rules of Civil Procedure and should be denied.

### III. THE ALLEGED WRONGDOING IS CONTRADICTED BY THE PLEADINGS AND TESTIMONY PROVIDED TO DATE.

#### A. Ms. Malicki's proposed Order for Conditional Approval is Overly Broad.

Ms. Malicki's proposed order seeks to encompass employees at all Leman facilities "between November 28, 2014, and November 28, 2017" despite the fact that the motion, itself, limits the proposed new alleged wrongful conduct by Leman from "between November 28, 2014 and April 11, 2016." (D. 24, page 4). In part this overreach is caused by the plaintiff's shift in the complained of time period and shifting allegations of wrongdoing. Ms. Malicki's initial claims were limited to the "UltiPro timekeeping system,"[2] and have obviously been the focus of the parties' investigation and discovery. The time period of Ms. Malicki's proposed order, as well as the scope of Ms. Malicki's proposed order, therefore finds no factual support in any of the materials that have been presented to this Court.

#### B. Plaintiff Cannot Demonstrate That Any Of The Members Of Her Proposed Class Were "Similarly Situated."

It is a fundamental requirement of any class of proposed plaintiffs that they have some measure of commonality that justifies binding their situations together into a single claim. *Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 605 (W.D. Wis. 2006) In this case, such a claim allegedly involves all of the Leman employees that utilized a physical punch card during the identified time period. D.24. However, during her deposition, Ms. Malicki specifically testified

---

[2] April 11, 2016 through Ms. Malicki's termination on August 1, 2017. Affidavit of Anja Nielsen.

6

374664-11948

that she has no idea how other Leman employees filled out their time cards or how they reviewed their time in concert with their supervisors, and admitted that she was aware of no commonality in the way that hourly employees' time cards were handled or corrected by other Leman supervisors.[3] Ms. Malicki testified:

> Question: Are you aware of any other Leman employee anywhere that had a problem with what they were paid, or they weren't paid for all the time that they worked where they called it to Leman's attention and it was not fixed.
>
> Answer: No.
>
> …
>
> Question re-read by reporter.
>
> Answer: Everybody did it differently. Everybody punched in and out differently.
>
> Malicki Deposition, page 57.
>
> …
>
> Question: Do you have any fact, as you sit here today, that you can identify for me that if Leman went to any other employee and said "hey, work through your lunch," that Leman did not for those employees adjust their time records to make sure that they got paid.
>
> Answer: I wasn't involved in that so I don't know all of the other people. Just the people in customer service.
>
> Malicki Deposition, page 106.
>
> …
>
> Question: And employees in other locations would have had a supervisor, whether they were in accounting, accounts receivable or accounts payable or even customer service, right?
>
> Answer: Yes.
>
> Question: So I'm assuming that you wouldn't have any knowledge available to you about how those supervisors handled their employees' issues with the automatic deduction for the ½ hour lunch, correct?

---

[3] Further detail regarding Ms. Malicki's interaction with her supervisor to ensure she recorded accurate time is provided in Leman's Brief in Opposition for Leave to File an Amended Complaint pages 3-5.

7

Answer: No, I would not.

Malicki Deposition, pages 107-108.

Ms. Malicki's motion also ignores the fact that Leman's California location never used an automatic deduction system, and required its employees to always punch in and out for any break. Affidavit of Susan Satula, ¶ 7.

This motion asks the Court to issue an order over "similarly situated" Leman employees whose hours were either improperly rounded or were subject to automatic lunch deductions when the lunch break was not taken. Ms. Malicki has failed to provide this Court with any justification that is not directly contradicted by the testimony Ms. Malicki, herself, provided in her deposition. Leman has addressed in detail its analysis that this Court should apply the "sham affidavit" rule to disregard Ms. Malicki's Declaration and to better address current pleadings. *See*, Leman's Brief in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint. The Court should adopt this analysis, and rule that the Declaration Ms. Malicki has provided fails to provide admissible facts sufficient to meet even the low threshold necessary for conditional certification of a class.

## CONCLUSION

Because Ms. Malicki seeks relief for claims that she has not brought to this Court's attention in her pleadings, abandoning the allegations in her complaint in the process, Ms. Malicki's Motion for Conditional Certification of a Class should be denied by this Court.

Dated this 27th day of August, 2018.

                    DeMARK, KOLBE & BRODEK, S.C.
                    Attorneys for Defendant

By:   */s/ Christopher J. Conrad*
       Christopher J. Conrad
       State Bar No. 1011743
       *chrisc@dkblaw.com*

<u>Mailing Address</u>
7418 Washington Avenue
Racine, WI  53406
Phone:  (262) 886-9720
Fax:  (262) 886-3074