UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JODIE L. MALICKI,
on behalf of herself and all
others similarly-situated

       Plaintiff,                               Case No. 17-cv-1674

      v.

LEMAN U.S.A., INC.,

       Defendant

---

**REPLY BRIEF IN SUPPORT OF
PLAINTIFF'S CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

---

      NOW COMES Plaintiff, Jodie L. Malicki, by her counsel, WALCHESKE & LUZI, LLC, and as and for her *Reply Brief in Support of Plaintiff's Civil L. R. 7(h) Expedited Non-Dispositive Motion for Leave to File Amended Complaint* pursuant to FED. R. CIV. P. 15(a)(2) and CIVIL L. R. 7(h) and 15.

## ARGUMENT

**I. DEFENDANT'S OPPOSITION VIOLATES CIVIL L. R. 7(h)(2) AND SHOULD BE SUMMARILY REJECTED**

      Plaintiff filed the present motion pursuant to Civil L. R. 7(h). ("Plaintiff's Civil L. R. 7(h) Expedited Non-Dispositive Motion for Leave to File Amended Complaint ("Motion"), ECF No. 22 ("Mot."), p. 1.) Civil L. R. 7(h)(2) confines Defendant's opposition memoranda to no more than three (3) pages in length excluding caption and signature block. *Id.* Defendant's memorandum is 12 pages. (Brief in Opposition to Plaintiff's Motion for Leave to File Amended Complaint ("Brief"), ECF No.

31 ("Brf."), p. 13.) This Court should strike Defendant's noncompliant Brief,[1] the effect of which would be to grant Plaintiff's Motion. *See* Civil L. R. 7(d).

## II. PLAINTIFF COULD NOT HAVE KNOWN THE NATURE OR EXTENT OF THE AMENDED AVERMENTS.

Defendant first argues that "a party seeking to add a previously known but unasserted cause of action 'has a difficult burden' to overcome on a Motion to Amend." (Brf., p. 2 (citing *Conroy Datsun Ltd. v. Nissan Motor Corp. in U.S.A.,* 506 F. Supp. 1051 (N.D. Ill. 1980)).) However, *Conroy* is inapposite. In that case, the plaintiff initially filed a claim which it later withdrew in its amended complaint. *Id.* at 1054. Ten days before the close of discovery, the plaintiff sought to resurrect the deleted claim based upon information elucidated at the deposition of its own witness. *Id.* The court concluded it would be unfair to permit an amendment under those circumstances.

Here, Plaintiff's amendment is premised upon a review of over 1500 pages of documents, including approximately 2000 timecards, which were not produced by Defendant until June 20, 2018, a mere 26 days before Plaintiff was deposed and just 37 days before she filed this Motion. That Plaintiff was unaware of violations involving her timecards at her deposition is entirely unsurprising. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686 (1946). These procedural facts should not preclude this Court from granting Plaintiff's Motion and filing Plaintiff's Amended Complaint.

## III. PLAINTIFF'S AMENDMENT MEETS THE STANDARD OF RULE 15.

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178 (1962). "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." If

---

[1] *Brengettcy v. Horton*, 423 F.3d 674, 679 (7th Cir. 2005).

the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.*

Defendant claims that Plaintiff's amendment would prejudice Defendant. Defendant feigns dramatic when it suggests Plaintiff's amendment will change the entire scope of the litigation, citing *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420 (7th Cir. 1993). (Brf., p. 7.) In *Chaveriat,* the plaintiff moved to amend after the close of discovery. *Id.* at 1428-1429. In denying the plaintiff's motion on other grounds, the court noted that "it was not a matter of … changing merely the legal conceptualization of their claim, but of injecting an entirely new and separate claim ... a different tort" which was objectionable. *Id.*

Defendant also cites *In re Ameritech Corp.*, 188 F.R.D. 280 (N.D. Ill. 1999) for similar reasons. (Brf., p. 8.) Defendant's reliance on *Ameritech* is similarly misplaced. In that case, again after the close of discovery, the movant sought to amend its pleading to allege class certification claim under Rule 23. *Id.* at 285. The court held that the respondent would be prejudiced because the scope of litigation significantly changed given the added class element. *Id.*

In the present case, Plaintiff's Amended Complaint does not add any new or separate legal claims. Plaintiff has always alleged that Defendant unlawfully failed to compensate Office and Warehouse Employees, including Plaintiff, for all hours worked in excess of forty (40) hours in a workweek at an overtime rate of pay. Plaintiff always sought collective treatment of her claims pursuant to 29 U.S.C. § 216(b). Although Plaintiff has discovered new facts giving rise to Defendant's liability during the early stages of discovery in this matter, these facts merely change Plaintiff's legal conceptualization of her already-existing and articulated claims.

Moreover, cases where courts deny the filing of an amended complaint are ones "when a party files its motion for leave after discovery has been completed or when the nonmoving party

has filed for summary judgment." *Ferguson v. Roberts*, 11 F.3d 696, 707 (7th Cir. 1993)(citing *Cresswell v. Sullivan Cromwell*, 922 F.2d 60, 72 (2d Cir.1990)).

Here, discovery is not complete. In fact, in accordance with the Court's Scheduling Order, discovery must be completed by June 5, 2019. (*See* ECF No. 16.) Defendant overstates the "prejudice" that will befall it based upon new discovery demands. The parties have conducted early-staged, limited discovery to date. Plaintiff has propounded a single set of written interrogatories and requests for production of documents, and Defendant has deposed Plaintiff. Plaintiff has not yet conducted any depositions of Defendant's representatives and other lay and/or expert witnesses. The parties have conducted no other discovery. And, while Defendant filed a motion for summary judgment, it did so only after Plaintiff sought leave to amend. The timing of Defendant's motion should be seen as nothing more than a procedural maneuver to thwart Plaintiff's Motion on a dubious claim of undue prejudice. There simply is no prejudice.

## **CONCLUSION**

For the reasons stated herein, this Court should grant Plaintiff's leave to file her Amended Complaint.

Dated this 7th day of September, 2018.

                                                         WALCHESKE & LUZI, LLC
                                                         Counsel for Plaintiff

                                                        **s/** *David M. Potteiger*
                                                        James A. Walcheske, State Bar No. 1065635
                                                        Scott S. Luzi, State Bar No. 1067405
                                                        David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com

4