UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JODIE L. MALICKI,**
on behalf of herself and all
others similarly situated,

    Plaintiffs,

  v.                                               Case No. 17-CV-1674

**LEMAN USA, INC.,**

    **Defendants.**

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

        Jodie L. Malicki seeks to file an amended complaint against defendant Leman USA, Inc. (Docket # 22.) The defendant opposes the motion, arguing that Malicki should have known about her newly proposed claims at the time of the original filing, and that the amended complaint does not meet the standards required by Federal Rule of Civil Procedure 15(a)(2). (Docket # 31.) For the reasons that follow, Malicki's motion to file an amended complaint will be granted and the summary judgment motion denied as moot.

## BACKGROUND

        Malicki filed her initial complaint on November 28, 2017. (Docket # 1.) The complaint alleges that beginning in 2016, the defendant utilized a computer-based timekeeping system that automatically deducted a 30-minute lunch break even if employees worked through their lunch breaks, thus denying employees like Malicki full compensation in violation of state and federal labor laws. (*Id.* ¶¶ 40–84.)

On July 27, 2018, after the deadline to amend had passed, Malicki filed for leave to amend under Federal Rule of Civil Procedure 12(a)(2) and Civil Local Rule 7(h). (Docket # 22.) The proposed amended complaint contains the original allegations about under-compensation of employees due to Leman's use, as of 2016, of timekeeping software that automatically deducted a 30-minute lunch break. (Docket # 22-1 ¶¶ 78–94.) The amended complaint adds allegations that, from November 28, 2014 to April 22, 2016, Leman used a timekeeping system that similarly deducted meal periods, and also unlawfully shaved time off employees' timecards. (*Id.* ¶¶ 43–77.)

On August 27, 2018, the defendant filed its brief in opposition to Malicki's motion to amend the complaint. (Docket # 31.) Also on August 27, 2018, the defendant filed a motion for summary judgment (Docket # 33) and accompanying brief (Docket # 34), which addressed only the claims in the original complaint. On October 15, 2018, I granted Malicki leave to file a reply brief in support of her motion to amend the complaint, and on October 16, 2018, Malicki submitted her brief.[1] (Docket # 40.)

## APPLICABLE RULE

Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave when justice so requires." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). But when a party seeks to amend the pleadings after the time for doing so has passed as determined by the court's scheduling order, as in the present case, a two-step process applies. First, a court is entitled to apply the heightened good cause standard of Rule 16(b)(4), under which the

---

[1] Malicki also argues that defendant's opposition brief should be rejected because it exceeds the three-page limit in Civil Local Rule 7(h)(2). (Docket # 40 at 1.) However, on October 3, 2018, I granted the defendant's Motion to File Paper in Excess of Three (3) Pages, so that issue is now moot.

2

primary consideration for the court is the diligence of the party seeking amendment. *Id.*; *see also Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Then, the court considers whether the proposed amendment should be allowed under Rule 15(a)(2), which reflects a liberal attitude towards the amendment of pleadings and a policy that cases generally should be decided on the merits and not on the basis of technicalities. *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002); *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Despite this leniency, courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). An amendment is considered "futile" if it would fail to survive a motion to dismiss for failure to state a claim or a motion for summary judgment. *See Weston v. Ill. Dept. of Human Services*, 433 Fed. Appx. 480, 482 (7th Cir. 2011); *Sound of Music Co. v. Minn. Mining and Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007) (citing *Bethany Pharm Co. v. QVC*, 241 F.3d 854, 861 (7th Cir. 2001)).

## ANALYSIS

1. *Rule 16(b)(4): Good Cause*

Malicki asserts that after the filing of the original complaint, discovery unearthed information that warranted "clarifying and more precisely identifying" the "facts and legal claims." (Docket # 22 at 1.) She claims that she could not have known the nature or extent of the amended allegations at the time of the original complaint, as the amendment "is premised upon a review of over 1500 pages of documents, including approximately 2000 timecards, which were not produced by Defendant until June 20, 2018, a mere 26 days before Plaintiff was deposed and just 37 days before she filed this Motion." (Docket # 40 at 2). This

is a plausible explanation. Furthermore, Malicki submitted her motion relatively soon (37 days) after this information came to light, more than ten months before the discovery deadline of June 5, 2019, and more than a year before the deadline for dispositive motions of August 9, 2019. Therefore, I find that Malicki's delay is not egregious and does not demonstrate a lack of diligence.

    2.    *Rule 15(a)(2)*

    *Prejudice*

I note at the outset that any amendment to a complaint will cause some degree of prejudice to the defendant. The question is not whether there is prejudice, but whether that prejudice is undue. The defendant asserts that Malicki's amended complaint "changes the entire scope of the litigation as well as the theories of liability" (Docket # 31 at 7), which "requires Leman to pursue entirely new discovery and defense theories in an unnecessary and prejudicial expenditure of time and money" (*id.* at 8–9). While it is certainly true that the amended complaint expands the scope of the litigation, I cannot conclude that this is unduly prejudicial to the defendant. Most importantly, the discovery and dispositive motions deadlines are not until the middle of next year. The defendants will have the opportunity to explore the amended claims in discovery and to challenge them in dispositive motions.

Malicki is not, as defendant argues, like "a football team coming out of half time down 34-0, and asking to play basketball for the second half." (Docket # 31 at 8.) The game is the same: determining whether the defendant used timekeeping practices that unlawfully failed to compensate employees. Indeed, the amended complaint arose from information gleaned from the discovery process on the original claims themselves, which reasonably included the time period immediately preceding the new timekeeping software and which the defendant

4

did not object to providing. The fact that discovery prompts a plaintiff to evaluate the sufficiency of the claims in the complaint and amend it accordingly is a reason to grant leave to amend, not deny it.

Furthermore, the cases cited by the defendant to support denying leave to amend are inapposite, primarily because they concern amendments proposed with little or no time remaining for discovery. *See Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420 (7th Cir. 1993) (upholding denial of leave to amend one month after the close of discovery); *In re Ameritech Corp.*, 188 F.R.D. 280 (N.D. Ill. 1999) (denying leave to amend after the close of discovery); *Conroy Datsun Ltd. v. Nissan Motor Corp. in U.S.A.*, 506 F. Supp. 1051, 1053–1054 (N.D. Ill. 1980) (denying leave to amend when, ten days before the close of discovery, the plaintiff sought to add a claim it had previously withdrawn). In *Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383 (N.D. Ill. 1975), the motion for leave to amend came after five years of intense, expensive discovery and added six new defendants and three new counts, presenting prejudice of an order of magnitude entirely different than the potential prejudice here.

In this case, there is sufficient time remaining in the discovery period to allow the parties to ascertain the necessary information. Indeed, some of the material that would be produced during discovery on the old timekeeping system appears to have been produced already. Thus, I do not find that amending the complaint would present undue prejudice to the defendant.

> *Futility*

The defendant argues that the proposed amendment should be denied because it would be futile. Here, although the defendant mentions Federal Rule of Civil Procedure 12(b)(6),

the defendant does not appear to argue that the amended complaint fails to state a claim. Rather, it argues that Malicki's deposition testimony undermines the claims in the amended complaint. (Docket # 31 at 10–13.) I infer from this that the defendant is arguing that Malicki's amended complaint would not survive summary judgment.

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

The defendant points to Malicki's deposition, during which she appears to have testified that prior to the implementation of the new timekeeping software in 2016, she never worked through lunch when she worked at the warehouse, and that if there were timekeeping errors under the old system, she simply took the timecards to her employer and they were corrected. (*Id.* at 10–13.) Thus, the defendant argues that the deposition eviscerates the amended complaint's claims about undercompensation under the old timekeeping system.

The defendant asks the court not to consider Malicki's declaration averring facts supporting her claims under the old timekeeping system, submitted on the same day as her amended complaint. The defendant argues that the declaration contradicts Malicki's deposition testimony. As a general rule, a party cannot "create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony." *Dunn v. Menard*, 880 F.3d 899, 910–911 (7th Cir. 2018). Ultimately, the defendant may be right that Malicki's claims about the old time-keeping system would not survive summary judgment, but that is not apparent at this time. At this juncture, however, I cannot conclude that Malicki's affidavit plainly contradicted her testimony and is therefore a sham. Thus, I decline to say at this time that Malicki's amended complaint would fail to survive a motion for summary judgment, or that it would be futile.

*Bad Faith*

The defendant would like the court to impute a "bad faith, dilatory motive" to Malicki based on the fact that her motion for conditional certification (Docket # 23), filed the same day as the amended complaint and declaration, refers only to the defendant's actions under the old timekeeping system, not to the new timekeeping system that was the basis of the original claims. (Docket # 31 at 9–10). Indeed, neither Malicki's motion for conditional class certification nor her brief in support of it (Docket # 24) references the claims in the original complaint about the new timekeeping system starting in 2016. Instead, they refer only to the defendant's actions under the old timekeeping system from November 28, 2014 through April 22, 2016. The defendant argues that Malicki's "abandonment of her original Complaint is an admission that the allegations in that original Complaint are without merit." (Docket # 31 at 2). Thus, defendant argues that Malicki only sought to amend the complaint when it became

clear that the claims in her original complaint had no merit. (Docket # 31 at 5, 9–10.) In essence, the defendant argues that the amended complaint is nothing but Maliki's last-ditch attempt to save a sinking ship.

The omission of the original allegations about the new timekeeping system in the conditional class certification motion is indeed odd. It is odder still that Malikci did not explain the omission or the purported contradictions between her deposition testimony and her affidavit in her reply to the defendant's opposition brief raising these criticisms. But while I remain unsatisfied as to the purpose of the omission or the failure to provide an explanation, I cannot find that it amounts to an *admission* that the allegations in the original complaint are meritless. I see no basis to conclude that Malicki moved to amend the complaint in order to avoid imminent dismissal of the action, as defendant did not file its summary judgment motion until after Malicki's motion to amend. Indeed, the scheduling order specified that dispositive motions were not to be filed prior to the date of completion of discovery, which was June 5, 2019. (Docket # 16 ¶ 8.) Thus, I cannot conclude that Malicki made this motion in bad faith.

## CONCLUSION

Malicki has shown good cause to amend her complaint, and the proposed amendments will not unduly prejudice the defendant, are not futile, and are not clearly offered in bad faith. Thus, I will grant Malicki's motion to amend her complaint as proposed.

Furthermore, because Malicki will be allowed to amend the complaint, the defendant's motion for summary judgment based on the original complaint will be dismissed as moot. The defendant may refile its motion consistent with the scheduling order.

The defendant will also be given time to prepare a new response to Malicki's motion for conditional certification. (Docket # 23.) The parties are ordered to confer, after which the defendant shall submit a proposed deadline for filing a new response.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to file an amended complaint (Docket # 22) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (Docket # 33) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for an extension of time to file opposition to defendant's motion for summary judgment (Docket # 41) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the parties are to confer, after which the defendant shall submit a proposed deadline for filing a new response to the plaintiff's motion for conditional certification.

Dated at Milwaukee, Wisconsin this 31st day of October, 2018.

BY THE COURT

 *s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge