UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JODIE L. MALICKI
on behalf of herself and all
others similarly situated,

       Case No. 17-cv-1674

       Plaintiff,

       **CLASS AND COLLECTIVE
       ACTION COMPLAINT**
v.       **PURSUANT TO 29 U.S.C. §216(b) AND
       FED. R. CIV. P. 23**

LEMAN U.S.A., INC.,
a Domestic Corporation       **JURY TRIAL DEMANDED**

       Defendant.

---

**AMENDED COMPLAINT**

---

**PRELIMINARY STATEMENT**

    1.    This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Jodie L. Malicki., on behalf of herself and all other similarly situated current and former non-exempt Office and Warehouse employees of Defendant, Leman U.S.A., Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

    2.    Defendant, Leman U.S.A., Inc., is a Sturtevant, Wisconsin corporation that provides transportation and logistical services throughout the United States.

3.     Defendant operated (and continues to operate) an unlawful compensation system that deprives current and former hourly-paid, non-exempt Office and Warehouse employees of their wages earned for all compensable work performed each workweek, including the requisite overtime pay premium for each hour worked over forty (40) hours in a workweek. Specifically, Defendant's unlawful policies include:

a)  FLSA Collective: Shaving time from current and former hourly-paid, non-exempt Office and Warehouse employees' timesheets from November 28, 2014 through April 11, 2016 by impermissibly rounding, deducting, and/or failing to count recorded and compensable hours of work each workday by failing to compensate said employees: (1) when compensable work commenced and ceased; and/or (2) for rest periods of less than twenty (20) minutes; and

b)  WWPCL Class: Shaving time from current and former hourly-paid, non-exempt Office and Warehouse employees' timesheets from November 28, 2014 through April 11, 2016 by impermissibly rounding, deducting, and/or failing to count recorded and compensable hours of work each workday by failing to compensate said employees when compensable work commenced and ceased.

c)  WWPCL Class: Failing to compensate current and former hourly-paid, non-exempt Office and Warehouse employees from November 28, 2014 to the present date for meal periods during which: (1) compensable work was performed; (2) said employees were not completely relieved from duty for the purpose of eating a regular meal; and/or (3) said employees were not completely relieved of duty or free from work for at least (30) consecutive minutes.

4. Defendant's deliberate failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the Wisconsin state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8. Defendant is a Wisconsin corporation with a principal place of business of 1860 Renaissance Boulevard, Sturtevant, Wisconsin 53177.

9. Defendant's registered agent for service of process in the State of Wisconsin is Randy Fortel, located at 1860 Renaissance Boulevard, Sturtevant, Wisconsin 53177.

10. Defendant's home office is located in the State of Wisconsin, located at 1860 Renaissance Boulevard, Sturtevant, Wisconsin 53177 (hereinafter simply Defendant's "Wisconsin location").

11.     Defendant operates multiple locations throughout the United States, in addition to its Wisconsin location, including but not limited to offices in the following cities and states: Atlanta, Georgia; Charlotte, North Carolina; Chicago, Illinois; Houston, Texas; Los Angeles, California; Miami, Florida; and New York, New York (hereinafter simply Defendant's "United States locations").

12.     For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

13.     For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14.     Plaintiff, Jodie L. Malicki, is an adult female resident of the State of Wisconsin residing at 6006 Belmar Avenue, Racine, Wisconsin 53402.

15.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b), was contemporaneously filed with the Complaint. (ECF No. 1.)

16.     Plaintiff worked as an hourly-paid, non-exempt, hourly Office and Warehouse employee at Defendant's Wisconsin location within the last three (3) years from the date of the filing of the Complaint. (ECF No. 1.)

17.     Plaintiff brings this action on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt Office and Warehouse employees who work at, worked at, and/or were employed by Defendant at its United States locations, including its Wisconsin location, within the last three (3) years from the date of filing of the Complaint. (ECF No. 1.) Plaintiff performed similar job duties as other current and former hourly-paid, non-

exempt Office and Warehouse employees who work at, worked at, and/or were employed by Defendant and who were subjected to Defendant's same unlawful policies as enumerated herein.

18.     Plaintiff and all other current and former hourly-paid, non-exempt Office and Warehouse employees on whose behalf she brings this Complaint performed compensable work at Defendant's United States locations owned and operated by Defendant.

19.     Defendant supervised Plaintiff's and all other hourly-paid, non-exempt Office and Warehouse employees' day-to-day activities.

20.     Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees.

21.     Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt Office and Warehouse employees.

22.     Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees abided in the workplace.

23.     Defendant controlled the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt Office and Warehouse employees' employment.

24.     Defendant established Plaintiff's and all other hourly-paid, non-exempt Office and Warehouse employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees with work assignments and hours of work.

25.     Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt Office and Warehouse employees were tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

26.     From approximately January 2015 to August 1, 2017, Plaintiff worked in an hourly-paid, non-exempt Office and Warehouse positions at Defendant's Wisconsin location – most recently as a hourly-paid, non-exempt Customer Service Representative employee in the position of Customer Service Representative Supervisor – within the three (3) years preceding the filing of this Complaint. (ECF No. 1.)

27.     As part of the transportation and logistical services that Defendant provides to its customers and clients throughout the United States, including at and from its Wisconsin location, Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees of Defendant are or were employed and performed work in various positions, including but not limited to the following positions: Accounting; Accounts Payable; Accounts Receivable; Information Technology; Export Agent; Import Agent; Forwarding Agent; Import Forwarding Agent; Freight Forwarding Agent; Trafficking; Transportation; Customer Service Representative; and Customer Service Representative Supervisor.

28.     On a daily basis, Plaintiff worked alongside other hourly-paid, non-exempt Office and Warehouse employees of Defendant employed in the positions listed above at Defendant's Wisconsin location as part of the transportation and logistical services that Defendant provided to its customers and clients throughout the United State.

29.     During the three (3) years preceding the filing of the Complaint, (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

30.     During the three (3) year period immediately preceding the filing of the Complaint, (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt employees with a written Employee Handbook.

31.     Defendant's Employee Handbook was last revised in June, 2016.

32.     Defendant's Employee Handbook contained the company-wide, uniform policies applicable to its hourly-paid, non-exempt Office and Warehouse employees, including Plaintiff, relating to hours worked, work performed, timekeeping, recordkeeping, and compensation.

33.     According to Defendant's Employee Handbook, it "is designed to acquaint [employees] with Leman and provide [employees] with information about working conditions, employee benefits, and some of the policies affecting your employment."

34.     According to Defendant's Employee Handbook, Defendant "compensates all non-exempt employees time and one-half for all hours paid in excess of forty each week."

35.     According to Defendant's Employee Handbook, "The standard work shift is eight (8) hours per day. The basic work week is forty (40) hours. The standard work week begins on Monday morning, and ends Friday afternoon."

36.     According to Defendant's Employee Handbook, "Both office and warehouse [employees] observe a one half hour (some exceptions), unpaid lunch time."

37.     According to Defendant's timekeeping policy, as expressed in its Employee Handbook "All hourly employees are required … to clock in and clock out in the following situations:

>           Clock In        - At the beginning of your shift.
>
>           Clock Out       - When leaving the premises because of non-work related reasons.
>
>           Clock In        - When returning from a non-work related absence.
>
>           Clock Out       - At the end of your shift."

38.     According to Defendant's Employee Handbook, "Leaving the company premises during paid rest periods is not permitted for non-exempt employees."

39.     According to Defendant's Employee Handbook, "From time to time, you may have to leave the premises during regular work hours for Leman business as requested by your supervisor. 'Clocking' in/out would not be required. However, if a personal emergency arises which requires you to leave during your regular hours, inform your supervisor and then 'clock out'. 'Clock in' when you return to work."

40.     According to Defendant's Employee Handbook, "The use of compensatory time off by a non-exempt employee is permissible only when he/she takes the compensatory time off in the same work week as the extra time worked."

41.     According to Defendant's Employee Handbook, "Overtime work must always be performed on the Leman premises."

42.     During Plaintiff's employment with Defendant, Defendant did not have a process or procedure for Plaintiff or any other non-exempt Office and Warehouse employee to report payroll errors or uncompensated hours worked.

## DEFENDANT'S UNLAWFUL TIME SHAVING
November 28, 2014 through April 11, 2016

43.     From November 28, 2014 through April 11, 2016, Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees recorded time on punch cards using a traditional (manual) punch-clock system.

44.     Upon information and belief, Defendant's punch-clock system was utilized at all of its United States locations, including its Wisconsin location.

45.     From November 28, 2014 through April 11, 2016, Plaintiff was subject to the same timekeeping policies and practices as all other hourly-paid, non-exempt Office and Warehouse employees of Defendant at all of its United States locations, including its Wisconsin location.

46. The punch-clock system that Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees used to record time worked each workday was physically located at or nearby their respective work stations and/or work areas at Defendant.

47. Plaintiff and all other non-exempt Office and Warehouse employees recorded time worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via Defendant's punch-clock system.

48. Immediately after "clocking in" each workday at the beginning of their shift via Defendant's punch-clock system, Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees performed compensable work.

49. From November 28, 2014 through April 11, 2016, Defendant's daily expectations and directives as communicated to its hourly-paid, non-exempt Office and Warehouse employees, including Plaintiff, was to arrive to work prior to their respective scheduled shift start times in order to physically be at their respective work stations and/or work areas by their scheduled shift start times. Indeed, Defendant's timekeeping policy, which was applied in practice at Defendant, stated, in part: "Employees should clock in and be at their work station by the beginning of their shift."

50. From November 28, 2014 through April 11, 2016, it was the common practice of all hourly-paid, non-exempt Office and Warehouse employees, including Plaintiff, to arrive to work at Defendant on a daily basis and to perform compensable work prior to their respective scheduled shift start times in order to physically be at their respective work stations and/or work areas by their scheduled shift start times.

51.     Immediately prior to "clocking out" each workday at the end of their shift via Defendant's punch-clock system, Plaintiff and all other non-exempt Office and Warehouse employees performed compensable work.

52.     From November 28, 2014 through April 11, 2016, it was the common practice of all hourly-paid, non-exempt Office and Warehouse employees, including Plaintiff, to perform compensable work past their respective scheduled shift end times if it was necessary and integral in the furtherance of performing their respective job duties.

53.     From November 28, 2014 through April 11, 2016, Plaintiff's and all other hourly-paid, non-exempt Office and Warehouse employees' "clock in" and "clock out" times via Defendant's punch-clock system reflected actual time worked each work day.

54.     From November 28, 2014 through April 11, 2016, Defendant maintained a detailed record of time actually worked by Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees – their actual "clock in" and "clock out" times – on a daily, weekly, and/or bi-weekly basis.

55.     Despite having a detailed record of time actually worked by Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees from November 28, 2014 through April 11, 2016, Defendant did not properly or lawfully compensate Plaintiff and other hourly-paid, non-exempt Office and Warehouse employees for all hours actually worked each workday and each workweek, as illustrated by the following example taken from Plaintiff's punch card on the following date:

| Date | Clock In | Lunch Out | Lunch In | Clock Out | Total Paid |
|------|----------|-----------|----------|-----------|------------|
| 04/09/15 | 06:59am | 1:51pm | 2:05pm | 03:26pm | 8:00 hrs |

56.     Despite Plaintiff performing eight (8) hours and thirteen (13) minutes of actual work on the work day in the example above, Defendant compensated Plaintiff for only 8:00

hours of work. In this example and on this work day, Defendant failed to compensate Plaintiff when compensable work commenced and ceased, and it failed to compensate her for a rest period of less than twenty (20) minutes.

57. From November 28, 2014 through April 11, 2016, Defendant's practice was to unlawfully and impermissibly shave time from recorded hours of work from the punch cards of Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees for its own benefit and to the detriment of said employees by impermissibly rounding, deducting, and/or failing to count recorded and compensable time worked by, on a daily and weekly basis, failing to compensate said employees: (1) when compensable work commenced and ceased; and/or (2) for rest periods of less than twenty (20) minutes.

58. From November 28, 2014 through April 11, 2016, Defendant's practice was to unlawfully and impermissibly fail to compensate Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees for all hours actually worked each work day and each workweek.

59. From November 28, 2014 through April 11, 2016, Defendant's policies in practice failed to compensate and deprived Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees for all hours worked each work day and each workweek, including at an overtime rate of pay.

60. From November 28, 2014 through April 11, 2016 and during workweeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees to work without being paid appropriate and lawful compensation for all hours worked.

61.     Defendant was or should have been aware that it was shaving time from Plaintiff's and all other hourly-paid, non-exempt Office and Warehouse employees' timesheets , thus failing to compensate said employees for all hours worked each work day and each workweek.

62.     Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees for all hours actually worked each workweek, including at an overtime rate of pay.

## DEFENDANT'S UNLAWFUL MEAL PERIOD DEDUCTIONS
November 28, 2014 through April 11, 2016

63.     From November 28, 2014 through April 11, 2016, Plaintiff and all hourly-paid, other non-exempt Office and Warehouse employees recorded meal periods taken each workday by "clocking out" at the beginning of their meal period and "clocking in" at the end of their meal period via Defendant's punch-clock system.

64.     Immediately prior to "clocking out" each workday at the beginning of their meal period via Defendant's punch-clock system, Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees performed compensable work.

65.     Immediately after "clocking in" each workday following their meal period via Defendant's punch-clock system, Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees performed compensable work.

66.     From November 28, 2014 through April 11, 2016, Plaintiff's and all other hourly-paid, non-exempt Office and Warehouse employees' "clock out" and "clock in" times via Defendant's punch-clock system reflected actual time in which they were completely relieved from duty or free from work for the purpose of eating regular meals.

67. From November 28, 2014 through April 11, 2016, Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees were often not completely relieved of duty or free from work for at least than thirty (30) consecutive minutes each work day for the purpose of eating regular meals.

68. From November 28, 2014 through April 11, 2016, despite having a detailed record of time during which Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees were completely relieved of duty or free from work, Defendant improperly and unlawfully deducted any and all time, up to twenty-nine (29) minutes, during which Plaintiff and other hourly-paid, non-exempt Office and Warehouse employees' were "clocked out" during meal periods as illustrated by the following example taken from Plaintiff's punch card on the following date:

| Date | Clock In | Lunch Out | Lunch In | Clock Out | Total Paid |
|------|----------|-----------|----------|-----------|------------|
| 08/28/15 | 07:55am | 12:27pm | 12:53pm | 04:34pm | 8:00 hrs |

69. Despite Plaintiff being "clocked out" for a meal period of only twenty-six (26) consecutive minutes on this work day, Defendant deducted thirty (30) minutes of compensable work time from Plaintiff's punch card, and did not compensate her with thirty (30) minutes of compensable work time on that work day.

70. Defendant was or should have been aware that it was deducting up to and including twenty-nine (29) minutes of time each work day from current and former hourly-paid, Office and Warehouse employees' timesheets, including Plaintiff's, even if said employees were performing compensable work during their lunch period.

71. Defendant was or should have been aware that it was deducting up to and including twenty-nine (29) minutes of time each work day from current and former hourly-paid, non-exempt Office and Warehouse employees' timesheets, including Plaintiff's, even if said

employees were not completely relieved from duty for the purpose of eating a regular meal or were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes each work day.

72.     Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other current and former non-exempt, hourly-paid Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, for all hours actually worked.

73.     Defendant was or should have been aware of its failure to compensate Plaintiff and all other current and former hourly-paid, non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, for all hours worked each workweek, including at an overtime rate of pay.

74.     Within the last three (3) years from the date of filing of this Complaint, (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, frequently worked in excess of forty (40) hours per workweek.

75.     Defendant's policies in practice failed to compensate and deprived Plaintiff and all other current and former hourly-paid, non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, for all hours worked each workweek, including at an overtime rate of pay.

76.     During weeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other current and former hourly-paid, non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, to work

without being paid appropriate and lawful compensation for all hours worked, including at an overtime rate of pay.

**77.** As a result of Defendant's unlawful policies and practices as described above, Plaintiff and all other current and former hourly-paid, non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, did not receive full compensation for work performed per workweek.

## DEFENDANT'S UNLAWFUL MEAL PERIOD DEDUCTIONS
April 11, 2016 through Present

**78.** Beginning on April 11, 2016 through the present date, Defendant has utilized a paperless software program for timekeeping purposes for its hourly-paid, non-exempt Office and Warehouse employees (hereinafter simply Defendant's "timekeeping software").

**79.** Upon information and belief, Defendant's timekeeping software is utilized at all of its United States locations, including its Wisconsin location.

**80.** Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees have unique "log in" information for timekeeping and/or recordkeeping purposes.

**81.** From April 11, 2016 to the present date, when Plaintiff and all other hourly-paid, non-exempt Office and Warehouse employees left the Defendant's premises during meal periods, Plaintiff and all other non-exempt Office and Warehouse employees were required to "log out" at the beginning of their meal period and "log in" at the end of their meal period via Defendant's timekeeping software.

**82.** Immediately prior to "logging out" at the beginning of their meal period via Defendant's timekeeping software, Plaintiff and all other non-exempt Office and Warehouse employees performed compensable work.

83.     Immediately after to "logging in" following their meal period via Defendant's timekeeping software, Plaintiff and all other non-exempt Office and Warehouse employees performed compensable work.

84.     From April 11, 2016 to the present, Plaintiff's and all non-exempt Office and Warehouse employees' "log out" and "log in" times via Defendant's timekeeping software reflected actual time in which the Plaintiff and all non-exempt Office and Warehouse employees were completely relieved from duty or free from work for the purpose of eating regular meals.

85.     From April 11, 2016 to the present, Plaintiff and all non-exempt Office and Warehouse employees were often completely relieved of duty or free from work for less than thirty (30) consecutive minutes each work day for the purpose of eating regular meals.

86.     Upon information and belief, from April 11, 2016 to the present, despite having a detailed record of time during which Plaintiff and all other non-exempt Office and Warehouse employees were completely relieved of duty or free from work, Defendant improperly and unlawfully deducted any and all time, up to twenty-nine (29) minutes, during which Plaintiff and other non-exempt Office and Warehouse employees' were "logged out" for bona fide meal periods.

87.     Defendant was or should have been aware that it was deducting up to and including twenty-nine (29) minutes of time each work day from current and former Office and Warehouse employees' timesheets even if said employees were performing compensable work during their lunch period.

88.     Defendant was or should have been aware that it was deducting up to and including twenty-nine (29) minutes of time each work day from current and former Office and Warehouse employees' timesheets even if said employees were not completely relieved from

duty for the purpose of eating a regular meal or were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes each work day.

89.     Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, for all hours actually worked.

90.     Defendant was or should have been aware of its failure to compensate Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, for all hours worked each workweek, including at an overtime rate of pay.

91.     Within the last three (3) years from the date of filing of this Complaint, (ECF No. 1), Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, frequently worked in excess of forty (40) hours per workweek.

92.     Defendant's policies in practice failed to compensate and deprived Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, for all hours worked each workweek, including at an overtime rate of pay.

93.     During weeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, to work without being paid appropriate and lawful compensation for all hours worked, including at an overtime rate of pay.

94. As a result of Defendant's unlawful policies and practices as described above, Plaintiff and all other current and former non-exempt Office and Warehouse employees at Defendant's United States locations, including at its Wisconsin location, did not receive full compensation for work performed per workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

95. Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective**: All individuals who were employed by Defendant at any of its United States locations as an hourly-paid, non-exempt Office and/or Warehouse employee within the three (3) years prior to this action's filing date (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's impermissible and unlawful time shaving.

96. Defendant, as a matter of policy and practice, did not compensate its employees for all hours of compensable work performed beyond forty (40) hours by the FLSA Collective Class during a workweek at an overtime rate of pay.

97. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

98. The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective Class.

99. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

100.    Upon information and belief, Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

101.    Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked including overtime compensation.

102.    The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

103.    Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

104.    Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Wisconsin Class**: All individuals who were employed by Defendant at its Wisconsin location as an hourly-paid, non-exempt Office and/or Warehouse employee within the three (3) years prior to this action's filing date (ECF No. 1) who have not been compensated for all hours worked in a workweek, including hours in excess of forty (40) hours in a workweek, or for all hours of work at his or her agreed upon rate of pay, as a result of Defendant's impermissible and unlawful time shaving..

> and

> **Wisconsin Class**: All individuals who were employed by Defendant at its Wisconsin location as an hourly-paid, non-exempt Office and/or Warehouse employee within the three (3) years prior to this action's filing date (ECF No. 1) who have not been compensated for all hours worked in a workweek, including hours in excess of forty (40) hours in a workweek, or for all hours of work at his or her agreed upon rate of pay, as a result of Defendant deducting up to and including thirty (30) minutes of compensable work time each work day.

105.    The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each Wisconsin Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

106.    The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon

information and belief, there are between approximately forty (40) to seventy-five (75) members of each Wisconsin Class.

107.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the Wisconsin Class members were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

108.    Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

109.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

110.    Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

111.    Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

112.    There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following:

a)     Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law;

b)     Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated;

c)     Whether Defendant failed to pay the Wisconsin Class for all work Defendant suffered or permitted them to perform; and

d)     The nature and extent of class-wide injury and the measure of damages for the injury.

113.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act of 1938, as Amended**
**<u>(Plaintiff on behalf of herself and the FLSA Collective)</u>**

114.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

115.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

116.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

117.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

118.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA, to wit, Defendant improperly and unlawfully engaged in time shaving by impermissibly rounding, deducting, and/or failing to count recorded and compensable

hours of work each workday by the FLSA Collective by failing to compensate said employees when compensable work commenced and ceased and/or for rest periods of less than twenty (20) minutes.

119.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

120.     Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA Collective Class their agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

121.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

122.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

123.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective Class and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective Class are entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

124. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective Class for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

125. Plaintiff and the FLSA Collective Class are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

126. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of WWPCL – Unlawful Time Shaving
### (Plaintiff, on behalf of herself and the Wisconsin Class)

127. Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

128. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 109.01(1r).

129. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 103.001(5).

130. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 104.01(2)(a).

131. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 109.01(2).

132. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 103.001(6).

133. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 104.01(3)(a).

134. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Admin. Code § DWD 272.01(5).

135. At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

136. Plaintiff and the Wisconsin Class have been entitled payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the Wisconsin Class pursuant to Wis. Stat. § 109.03.

137. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

138. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

139.     Defendant violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin Class for each hour worked by Plaintiff and the Wisconsin Class through the impermissible time shaving policies described above, regardless of whether the Wisconsin Class worked in excess of forty (40) hours a workweek.

140.     Defendant violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin Class for each hour worked by Plaintiff and the Wisconsin Class through the impermissible time shaving policies described above at an overtime rate of pay for all hours worked in excess of forty (40) hours a workweek.

141.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

142.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

143.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

## THIRD CLAIM FOR RELIEF
## WWPCL - Unlawful Meal Period Deductions
## (Plaintiff, on behalf of herself and the Wisconsin Class)

144.    Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

145.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 109.01(1r).

146.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 103.001(5).

147.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 104.01(2)(a).

148.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 109.01(2).

149.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 103.001(6).

150.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 104.01(3)(a).

151.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Admin. Code § DWD 272.01(5).

152.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

153. Plaintiff and the Wisconsin Class have been entitled payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the Wisconsin Class pursuant to Wis. Stat. § 109.03.

154. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

155. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

156. Defendant violated the WWPCL by failing to compensate the Wisconsin Class for meal periods during which compensable work was performed, the Wisconsin Class was not completely relieved from duty for the purpose of eating a regular meal, and/or the Wisconsin Class was not completely relieved of duty or free from work for at least (30) consecutive minutes.

157. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

158. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin

Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

159.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former non-exempt Office and Warehouse employees who worked at and/or were employed at Defendant's locations informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Office and Warehouse employees at Defendant's locations damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Office and Warehouse employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Office and Warehouse employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated non-exempt Office and Warehouse employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated non-exempt Office and Warehouse employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated Friday, July 27, 2018.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ **David M. Potteiger**                    .
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com