UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JODIE L. MALICKI
on behalf of herself and all
others similarly situation,     Case No. 17-CV-1674

            Plaintiff

v.

LEMAN USA, INC.,

            Defendant

---

## ANSWER TO AMENDED COMPLAINT

---

NOW COMES the defendant, Leman USA, Inc., by its attorneys, DeMark, Kolbe & Brodek, S.C., and as and for an answer to the plaintiff's Amended Complaint, alleges and shows as follows:

1. Affirmatively allege that this paragraph contains legal conclusions to which no responsive pleading is required. To the extent an answer is required, defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the allegations contained herein, and therefore denies the same.

2. Admit.

3. Deny this allegation and all subparts hereto.

4. Deny.

## JURISDICTION AND VENUE

5. Affirmatively allege that this paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is necessary, lack knowledge and

1

377179-11948
Case 2:17-cv-01674-NJ    Filed 11/13/18    Page 1 of 18    Document 44

information necessary to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

6. Affirmatively allege that this paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is necessary, lack knowledge and information necessary to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

7. Affirmatively allege that this paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is necessary, lack knowledge and information necessary to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

## **PARTIES**

8. Admit

9. Admit.

10. Admit.

11. Deny.

12. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the allegations contained herein, and therefore denies the same.

13. Deny.

14. Upon representation of counsel, admit.

15. Admit.

16. Admit that plaintiff worked as an employee at defendant's Wisconsin location within the prior three years. Defendant lacks knowledge and information necessary to form a

belief as to the truth or falsity as to the balance of the allegations contained herein, and therefore denies the same.

17. Deny that the plaintiff is similarly situated to the other Leman employees referenced herein. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore denies the same.

18. Admit that Leman employees were fully compensated for any work performed at defendant's United States locations. Deny the balance of the allegations contained herein.

19. Admit that while working for Leman, USA, Inc., Leman's employees are subject to supervision by Leman. Deny the balance of the allegations contained herein.

20. Admit that, Leman, subject to various restrictions, has authority to hire, terminate, promote, and demote its employees. Deny the balance of this paragraph.

21. Admit that Leman reviews employees' work performance. Deny the balance of the allegations contained herein.

22. Admit that Leman establishes work rules, policies and procedures with respect to employees. Deny the balance of the allegations contained herein.

23. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the allegations contained herein given the vagueness of this allegation, and therefore denies the same.

24. Admit that Leman develops work schedules for its employees. Deny the balance of the allegations contained herein.

25. Admit that Leman employees are to follow procedures for recording time worked. Deny the balance of the allegations contained herein.

## GENERAL ALLEGATIONS

26. Admit plaintiff was previously employed by Leman as a customer service representative supervisor. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore denies the same.

27. Admit that Leman employs individuals in a number of different positions, not all of which correspond to those listed. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore denies the same.

28. Admit that while employed at Leman, Jodie Malicki worked alongside other Leman employees. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore denies the same.

29. Admit that defendant's employee handbook speaks for itself. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

30. Admit.

31. Admit.

32. Admit that, amongst other things, defendant's employee handbook contains expectations for its employees. Deny the balance of the allegations contained herein.

33. Admit that defendant's employee handbook speaks for itself. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

34. Admit that defendant's employee handbook speaks for itself. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

35. Admit that defendant's employee handbook speaks for itself. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

36. Admit that defendant's employee handbook speaks for itself. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

37. Admit that defendant's employee handbook speaks for itself. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

38. Admit that defendant's employee handbook speaks for itself. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

39. Admit that defendant's employee handbook speaks for itself. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

40. Admit that defendant's employee handbook speaks for itself. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

41. Admit that defendant's employee handbook speaks for itself. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Admit that Ms. Malicki was instructed to begin working after she clocked in at the beginning of her workday. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

49. Deny.

50. Deny.

51. Admit that Leman employees, including Ms. Malicki, were instructed to clock out at the end of their workday, and not to provide other services. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

52. Admit that Leman employees, including Ms. Malicki, occasionally worked overtime and recorded their time as such in Leman's timekeeping system, and were properly compensated. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

6

377179-11948
Case 2:17-cv-01674-NJ   Filed 11/13/18   Page 6 of 18   Document 44

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Admit that Leman employees, including Ms. Malicki, occasionally worked overtime and recorded their time as such in Leman's timekeeping system, and were properly

7
377179-11948
Case 2:17-cv-01674-NJ   Filed 11/13/18   Page 7 of 18   Document 44

compensated. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

75. Deny.

76. Deny.

77. Deny.

78. Admit.

79. Admit.

80, Admit that all Leman employees have individual passwords for Leman's electronic timekeeping system.

81. Admit.

82. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

83. Defendant lacks knowledge and information necessary to form a belief as to the truth or falsity of the balance of allegations contained herein, and therefore denies the same.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Admit that Leman employees, including Ms. Malicki, occasionally worked overtime and recorded their time as such in Leman's timekeeping system, and were properly

compensated. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

92. Deny.

93 Deny.

94. Deny.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

95. Affirmatively allege that plaintiff's definitions fail to properly identify a certifiable class. Deny the balance of the allegations contained herein.

96. Deny.

97. Deny.

98. Affirmatively allege that this paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is necessary, lack knowledge and information necessary to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

99. Affirmatively allege that this paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is necessary, lack knowledge and information necessary to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

100. Affirmatively allege that plaintiff's definitions fail to properly identify a certifiable class. Deny the balance of the allegations contained herein

101. Deny.

102. Affirmatively allege that plaintiff's definitions fail to properly identify a certifiable class. Deny the balance of the allegations contained herein.

9

103. Deny.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

104. Affirmatively allege that plaintiff's definitions fail to properly identify a certifiable class. Deny the balance of the allegations contained herein.

105. Deny.

106. Deny.

107. Deny.

108. Lack knowledge and information necessary to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

109. Deny.

110. Deny.

111. Deny.

112. Deny.

113. Deny.

## FIRST CLAIM FOR RELIEF
## WWPCL

114. Reallege and incorporate herein defendant's responses to paragraphs 1-113, as though fully set forth.

115. Lack knowledge and information necessary to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

116. Affirmatively allege that plaintiff's employment history has been previously addressed, and need not be responded to again. Lack knowledge and information necessary to

10

form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

117. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

118. Deny.

119. Deny.

120. Deny.

121. Affirmatively allege that the FSLA speaks for itself, and that no responsive pleading is required. To the extent a response is required, lack knowledge and information necessary to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

122. Deny.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

## SECOND CLAIM FOR RELIEF
### Fair Labor Standards Act of 1938, as Amended

127. Reallege and incorporate defendant's responses to paragraphs 1-126 as though fully set forth.

128 Affirmatively allege that plaintiff's employment history has been previously addressed in this answer, and need not be responded to again. Lack knowledge and information

11
377179-11948
Case 2:17-cv-01674-NJ   Filed 11/13/18   Page 11 of 18   Document 44

necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

129. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

130. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

131. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

132. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

133. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

134. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

135. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

136. Admit that Leman paid its employees an agreed upon wage. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

137. Deny.

138. Deny.

139. Deny,

140. Deny.

141. Deny.

142. Deny.

143. Deny.

## THIRD CLAIM FOR RELIEF
## Fair Labor Standards Act of 1938, as Amended

144. Reallege and incorporate defendant's responses to paragraphs 1-143 as though fully set forth.

145. Affirmatively allege that plaintiff's employment history has been previously addressed in this answer, and need not be responded to again. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

146. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

147. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

148. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

149. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

150. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

151. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

152. Affirmatively allege that plaintiff's employment history has been previously addressed. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

153. Admit that Leman paid its employees an agreed upon wage. Lack knowledge and information necessary to form a belief as to the truth or falsity of the balance of the allegations contained herein, and therefore deny the same.

154. Deny.

155. Deny.

156. Deny.

157. Deny.

158. Deny.

159. Deny.

## AFFIRMATIVE DEFENSES

As and for separate and distinct affirmative defenses, defendant, Leman USA, Inc., by its attorneys, DeMark, Kolbe & Brodek, S.C., alleges and shows as follows:

1. Plaintiff's complaint fails to state a claim against defendant upon which relief may be granted.

2. Plaintiffs and all punitive class members have been paid and/or received all wages due them by virtue of their employment.

3. Any wages lost by the plaintiff or any members of the punitive class were the result of those employees' failure to follow Leman policies and procedures, and not the result of any intentional or negligent act or omission of the defendants.

4. If either the plaintiff or any of the punitive class members sustained any damages from any conduct of defendant, which defendant disputes, then some or all of these alleged damages may have been proximately caused by other individuals or entities for whom defendant is not legally responsible.

5. Plaintiff's complaint and its claimed causes of action may be barred, either in whole or in part, because plaintiff or any punitive class members failed to use reasonable diligence or due care to avoid any alleged harm.

6. Plaintiff's complaint, and each and every claim for relief therein, may be barred, in whole or in part, to the extent that damages, if any, resulted from the acts or omissions of the plaintiff(s).

7. Some or all of the disputed time for which plaintiff and/or members of the punitive class seek recovery of wages purportedly owed is not compensable pursuant to the de minimus doctrine.

8. This action is not properly maintainable as a class action, because plaintiff cannot establish all the elements necessary for class certification, in that, amongst other things, common issues of fact or law do not predominate, and to the contrary, individual issues predominate; plaintiff's claims are not representative or typical of the claims of the punitive class; plaintiff is not a proper class representative; plaintiff and alleged punitive class counsel are not adequate representatives for the alleged punitive class; there does not exist a well defined community of interest as to the questions of law and fact involved; the punitive class is sufficiently manageable without implementing the class action mechanism, and, therefore, it is not the superior method for adjudicating this dispute; and, the alleged punitive class is not ascertainable, nor are its members identifiable.

9. This action is not properly maintainable as a class action, because plaintiff's claims are unique to plaintiff so they are incapable of adequately representing the punitive class.

10. Class or subclass certification would be inappropriate due to conflicts of interest between plaintiff and punitive class or subclass members, or between or amongst punitive class or subclass members.

11. Plaintiff's Complaint, and each and every cause of action therein, is barred, either in whole or in part, to the extent that the plaintiff cannot establish facts necessary for class

16

certification, and therefore Plaintiff does not have standing with respect to the claims, and is not competent to represent the interest of others.

12. Plaintiff and punitive class members have failed, refused, and/or neglected to mitigate their damages.

13. Plaintiff's complaint may be barred, in whole or in part, by the doctrine of laches.

14. Plaintiff's complaint is barred, either in whole or in part, because plaintiff consented to the conduct about which she now complains.

15. Plaintiff's complaint may be barred by the doctrine of waiver.

16. Plaintiff and the punitive class members have not suffered any losses, and defendant has not been unjustly enriched as a result of any alleged action, and plaintiffs are therefore not entitled to any restitution.

17. Plaintiff and the punitive class members were treated fairly and in good faith, and all actions taken with regard to them were taken for lawful business reasons and in good faith.

18. Defendant alleges that assuming, arguendo, that plaintiff and the putative class members are entitled to additional compensation, defendant has not willfully or intentionally failed to pay any such additional compensation to plaintiff or putative class members, to justify the award of any penalty or fees.

19. Plaintiff failed to timely and completely exhaust requisite administrative remedies available prior to the commencement of this action.

20. Plaintiff's claims are not supported by known law or established facts, and fail to assert a claim for the extension of existing law.

WHEREFORE, defendant, Leman USA, Inc., by its attorneys, DeMark, Kolbe & Brodek, S.C., herein demand judgment as follows:

A. Dismissing plaintiff's complaint, on its merits;

B. Denying the plaintiff's requested class certification;

B. Awarding to these defendants their costs, fees, and expenses incurred in defending this action; and

C. Any other relief the Court deems just and proper.

Dated this 13th day of November 2018.

                         DeMARK, KOLBE & BRODEK, S.C.
                         Attorneys for Defendant

                         By: */s/ Christopher J. Conrad*
                               Christopher J. Conrad
                               State Bar No. 1011743
                               *chrisc@dkblaw.com*

<u>Mailing Address</u>
7418 Washington Avenue
Racine, WI 53406
Phone: (262) 886-9720
Fax: (262) 886-3074