# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JODIE L. MALICKI,**
**on behalf of herself and all others similarly situated,**

    **Plaintiff,**

  v.                                                Case No. 17-CV-1674

**LEMAN U.S.A., INC.,**

    **Defendant.**

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION FOR CONDITIONAL CLASS CERTIFICATION

In this putative class and collective action, Jodie L. Malicki, a former hourly-paid, non-exempt Office and Warehouse employee at Leman U.S.A., Inc.'s Wisconsin location, alleges that Leman maintained several policies in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Wisconsin Wage Payment and Collection Laws, Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01. Specifically, Malicki alleges that she and other employees were frequently not completely relieved of duty from work during their regular meal times. She further alleges that Leman had a common policy of failing to compensate its employees by rounding, deducting, and/or failing to count recorded and compensable time, to the benefit of Leman. Malicki seeks to certify a conditional class of similarly situated hourly paid, non-exempt Office and Warehouse employees at all of Leman's United States locations within three years prior to the date of this lawsuit. Because Malicki has not made the modest factual showing necessary for conditional certification, I will deny the motion.

# BACKGROUND

*The Parties*

Leman is a Wisconsin corporation that provides transportation and logistical services throughout the United States. (Am. Compl. ¶ 2, Docket # 43.) Leman's home office is in Sturtevant, Wisconsin, but Leman operates multiple locations throughout the United States. (*Id.* ¶¶ 10–11.) The named plaintiff in this case is Jodie L. Malicki. Leman employed Malicki as an hourly-paid, non-exempt Office and Warehouse employee at Leman's Sturtevant location within the last three years from the date of the filing of the complaint. (*Id.* ¶ 16.)

*Alleged Policies*

Malicki challenges two specific Leman policies: (1) failing to pay employees for rest periods of short duration (i.e., twenty consecutive minutes or less) and (2) indiscriminately shaving time by impermissibly rounding, deducting, and/or failing to count recorded and compensable hours. Malicki avers that during her employment at Leman and on a daily basis, she worked alongside other hourly-paid, non-exempt Office and Warehouse employees as part of Leman's transportation and logistical services. (Declaration of Jodie L. Malicki ("Malicki Decl.") ¶ 3, Docket # 25.) Malicki states that from the time she began her employment with Leman until April 11, 2016, she recorded the actual time she worked on timecards using Leman's manual punch-clock system. (*Id.* ¶ 4.) Malicki used this punch-clock system to "clock in" and "clock out" at the beginning and end of her shifts. (*Id.*)

Immediately after "clocking in" each workday, Malicki performed compensable work. (*Id.* ¶ 5.) She avers that she personally observed other hourly-paid, non-exempt Office

and Warehouse employees working immediately after "clocking in." (*Id.*) Malicki states that immediately before "clocking out" each workday, she performed compensable work and personally observed other hourly-paid, non-exempt Office and Warehouse employees working immediately before "clocking out." (*Id.* ¶ 6.) Malicki usually worked Monday through Friday from 8:00 a.m. to 4:30 p.m. (*Id.* ¶ 7.)

Malicki states that she and other hourly-paid, non-exempt Office and Warehouse employees were required to "clock out" for lunch and "clock in" when they resumed work, regardless of whether they left the facility. (*Id.* ¶ 8.) Malicki states that she was often not completely relieved of duty or free from work for twenty consecutive minutes or more each work day for the purpose of eating lunch. (*Id.*) Malicki states that immediately before "clocking out" for lunch each workday she performed compensable work and immediately after "clocking in" following lunch each workday, she performed compensable work. (*Id.* ¶ 9.) Malicki avers that she personally observed other hourly-paid, non-exempt Office and Warehouse employees doing the same. (*Id.*) Malicki states that in the three years preceding the filing of her complaint, she and other Office and Warehouse employees frequently worked in excess of forty hours per workweek. (*Id.* ¶ 10.)

Malicki further alleges that despite the fact that she and all other Office and Warehouse employees' timecards reflected the actual time worked each workday, Leman unlawfully failed to compensate its employees for all hours worked in excess of forty hours as a result of its policy of shaving time from Office and Warehouse employees' "clock in" and "clock out" time by rounding, deducting, and/or failing to count recorded and compensable time to Leman's benefit and to the employees' detriment. (Pl.'s Br. in Supp. of

3

Cond. Class Cert. at 5, Docket # 24.) As one example, Malicki cites to the timecard of a fellow employee who "clocked in" at 7:28 a.m. and "clocked out" at 5:58 p.m. on March 31, 2016, and, after deducting a 30-minute unpaid meal break, Leman only compensated the employee for nine hours and fifteen minutes of work, despite working ten hours. (Declaration of David M. Potteiger ("Potteiger Decl.") ¶ 6, Ex. 4, Figure 1, Docket # 26-4.)

## DISCUSSION

### 1. *Legal Standard for Conditional Certification*

The FLSA permits collective action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a typical class action suit under Fed. R. Civ. P. 23, where an unwilling plaintiff must "opt out" of the class, a class action pursuant to Section 216(b) of the FLSA requires employees or former employees to "opt in" to the class, by filing a written consent to join the action. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579–80 (7th Cir. 1982) (explaining differences between collective action under the FLSA and class action certified pursuant to Rule 23). District courts may, in their discretion, facilitate notice to potential plaintiffs to a FLSA collective action, to implement this "opt in" procedure. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Woods*, 686 F.2d at 580. "The critical inquiry in determining whether a court should exercise its discretion to authorize the sending of notice to potential plaintiffs is whether the representative plaintiff has shown that she is similarly situated to the potential class plaintiffs." *Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 605 (W.D. Wis. 2006).

4

"Neither the FLSA, the Supreme Court, nor the Seventh Circuit has provided guidance on how the court is to determine whether the representative plaintiff is 'similarly situated' to the potential plaintiffs. However, district courts in the Seventh Circuit have adopted a two-step approach." *Mares v. Caesars Entertainment, Inc.*, No. 06-CV-60, 2007 WL 118877, at *2 (S.D. Ind. Jan. 10, 2007); *see also Bitner v. Wyndham Vacation Resorts, Inc.*, 301 F.R.D. 354, 357 (W.D. Wis. 2014) ("[M]ost courts, including this one, apply a two-step approach to certifying collective actions."). The first step is conditional certification. Although conditional certification is not a "mere formality," a plaintiff need only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Bitner*, 301 F.R.D. at 357 (internal quotations and citations omitted). This standard is "fairly lenient"; it does not involve adjudicating the merits of the claims, nor does it entail the kind of rigorous analysis typical of class certification under Fed. R. Civ. P. 23. *Id.* (internal quotations and citations omitted).

In determining whether plaintiffs have met their burden, "'courts rely on the complaint and any affidavits that have been submitted.'" *Id.* at 357–58 (quoting *Austin*, 232 F.R.D. at 606). Although there is no formula for the type or amount of evidence necessary to make the modest factual showing, in this district, plaintiffs generally put forth multiple declarations from putative class members and/or deposition testimony from the parties. *See, e.g.*, *Aguilera v. Waukesha Memorial Hospital, Inc.*, No. 13-CV-1245, 2014 U.S. Dist. LEXIS 114418, *13 (E.D. Wis. Aug. 18, 2014) (certifying class where plaintiffs' allegations were supported by the declarations of three putative plaintiffs and the deposition testimonies of

5

several managerial representatives from defendant); *Brabazon v. Aurora Health Care, Inc.*, No. 10-CV-714, 2011 U.S. Dist. LEXIS 37057, *10 (E.D. Wis. Mar. 28, 2011) (finding plaintiff made a modest factual showing when he supported his allegations with the declarations of nine putative plaintiffs and the deposition testimony of several of the defendant's corporate representatives).

Some courts in this circuit have found that for purposes of conditional certification, factual disputes should be resolved in the plaintiff's favor. *See, e.g.*, *Bitner*, 301 F.R.D. at 358; *Berndt v. Cleary Bldg. Corp.*, No. 11-CV-791, 2013 WL 3287599, *7 (W.D. Wis. Jan. 25, 2013) ("[W]here the parties' evidentiary submissions directly conflict, they will be resolved—for purposes of this order only—in plaintiffs' favor"). Other courts, however, have found that the court is not required to accept the plaintiffs' allegations as true. *See, e.g.*, *Martinez v. Regency Janitorial Servs.*, No. 11-CV-259, 2012 U.S. Dist. LEXIS 8941, *4 (E.D. Wis. Jan. 26, 2012) ("While the court need not resolve the substantive merits of the plaintiffs' claims at this preliminary stage, the court is not required to accept the plaintiffs allegations as true."); *Howard v. Securitas Sec. Servs.*, USA, 2009 U.S. Dist. LEXIS 3913, *10 (N.D. Ill. Jan. 20, 2009) ("In making a determination as to similarity, the court need not accept the plaintiff's allegations as true as it would with a motion to dismiss."). If the plaintiff satisfies this initial burden, the court conditionally certifies a class and authorizes notice to potential class members and the parties conduct discovery. *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 629 (W.D. Wis. 2009).

The second step of the process occurs at the close of discovery, upon a motion for decertification from the defendant. *Bitner*, 301 F.R.D. at 358. At that point, "the court

6

determines whether the plaintiffs are in fact similarly situated to those who have opted in." *Kelly*, 256 F.R.D. at 629. If "it becomes clear that the case is not suitable for collective treatment, the court then decertifies the collective action." *Bitner*, 301 F.R.D. at 358.

   2.   *Application to this Case*

Again, at this first stage—conditional class certification—the inquiry is whether Malicki has shown that she is similarly situated to the potential class plaintiffs. Malicki challenges two alleged Leman policies she argues violate the FLSA: failure to pay employees for short (less than twenty minute) rest periods and impermissibly rounding, deducting, and/or failing to count recorded and compensable hours. In support of her motion, Malicki submits fourteen timecards from seven employees, including herself (Potteiger Decl. ¶ 5, Ex. 4, Docket # 26-4); her own declaration (Docket # 25); and an hours summary document created by plaintiff's counsel, utilizing the data from the timecards (Potteiger Decl. ¶ 6, Ex. 4, Figure 1).[1] Malicki also submits a Leman overtime report indicating that employees often worked in excess of forty hours per workweek. (Potteiger Decl. ¶ 3, Ex. 2, Docket # 26-2.)

The FLSA requires employers to compensate employees for rest periods of short duration, i.e., of twenty minutes or less. 29 C.F.R. § 785.18. Thus, failure to properly compensate for short rest periods would violate the FLSA. However, a practice of rounding is not a *per se* violation of the FLSA. Employers may round time "provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the

---

[1] It should be noted that Malicki spends a significant portion of her reply brief arguing that Leman's opposition brief was untimely filed and thus should be summarily denied. (Pl.'s Reply Br. at 4–6, Docket # 49.) Malicki argues Leman filed its brief on January 22, 2019, when it was due on January 21, 2019. A review of the docket shows that Leman's brief was filed on January 21, 2019 at 3:11 p.m. Despite Malicki's assertions otherwise, the brief was timely filed.

7

employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b). As one court in this circuit noted, at the conditional certification stage, some courts have found that the existence of a rounding policy is itself sufficient to determine that the case may proceed as a collective action, while others courts have delved into whether the plaintiff made a modest factual showing the defendant had a common policy or plan that also violated the FLSA. *See Binissia v. ABM Industries, Inc.*, No. 13 C 1230, 2014 WL 793111, at *5 (N.D. Ill. Feb. 26, 2014) (collecting cases). What these cases have in common, however, is evidence of a rounding policy. *See, e.g.*, *Id.* at *4 (defendant officers testified at deposition that rounding occurred); *Smith v. Safety-Kleen Sys., Inc.*, No. 10 C 6574, 2011 WL 1429203, at *3 (N.D. Ill. Apr. 14, 2011) ("Safety–Kleen does not contest it rounds time to the nearest quarter hour . . . ."); *Adair v. Wisconsin Bell, Inc.*, No. 08-C-280, 2008 WL 4224360, at *10 (E.D. Wis. Sept. 11, 2008) ("Wisconsin Bell informed the Court that it has a practice of rounding its employee's time to the nearest quarter of an hour . . . .").

In this case, Malicki cannot even show that Leman had a rounding policy in place. Malicki submits no affidavits or testimony from Leman stating that there was a rounding policy. Rather, Susan Satula, Leman's Director of Human Resources, submitted an affidavit in which she stated that only Leman's Sturtevant location utilized a manual punch card system, and in April 2016, switched to a computerized timekeeping system. (Affidavit of Susan Satula ("Satula Aff.") ¶ 5, Docket # 48-3.) Satula explained how the punch system worked—it was the employee's responsibility to punch in on the time clock immediately prior to commencing work activities, and then punch out immediately upon conclusion of their work day (and to punch in and out when leaving the building for lunch, errands,

8

etc.)—but nowhere does she indicate the Leman rounded the time recorded. (*Id.* ¶¶ 8–11.) Janice Larsen, Leman's employee responsible for transmitting wage and hour reports to payroll for processing, explained Leman's system for verifying and correcting any payroll errors with the employees. (Affidavit of Janice Larsen ("Larsen Aff.") ¶¶ 1–5.) Larsen does not state that Leman had a policy of rounding time. Nor does Malicki submit declarations or affidavits from any of her co-workers stating that Leman shorted their paychecks by impermissibly rounding their time.

As to the alleged rest time payment violation, Malicki avers that she worked alongside other hourly-paid, non-exempt Office and Warehouse employees and observed other employees clocking in and out, working, and performing overtime work. (Malicki Decl. ¶¶ 3, 8–10.) However, Malicki only states that *she* was often not completely relieved of duty or free from work for twenty consecutive minutes or more each work day for the purpose of eating lunch. (*Id.* ¶ 8.) She does not aver that other employees similarly worked through their break without pay, nor does she provide pay statements or declarations from other employees showing they worked through their break without pay. In fact, Malicki testified that she was not aware of any other employees who were required to work through their lunch or were otherwise subjected to Leman's alleged improper timekeeping practices. (Affidavit of Christopher J. Conrad ¶ 2, Ex. 1, Deposition of Jodie Malicki at 57, 106–09, Docket # 34-2.) The assertion that "if it happened to [me], it must have happened to others," is insufficient. *See Yockey v. Staffing Solutions, Inc.*, No. 15-CV-411, 2016 WL 7242482, at *6 (S.D. Ind. Dec. 15, 2016). Although courts in this circuit have found that plaintiffs need not produce evidence that other employees wish to join a class before the

9

class notice may be sent out, s*ee Heckler v. DK Funding*, 502 F. Supp. 2d 777, 780 (N.D. Ill 2007), courts have found that a "demonstrable lack of interest in a collective action is a strike against certification," *Hadley v. Journal Broad. Group, Inc.*, No. 11-CV-147, 2012 U.S. Dist. Lexis 19452, *15 (E.D. Wis. Feb. 16, 2012). Again, Malicki presents no testimony or sworn statements from any of her co-workers who were allegedly subjected to Leman's improper practices.

As to both the alleged rest time payment violation and the alleged rounding violation, Malicki relies on the time cards and the hours summary document created by counsel. As an initial matter, while Malicki seeks to certify a class consisting of hourly-paid, non-exempt employees at any of Leman's United States locations, Leman asserts that only the Sturtevant location utilized a manual punch card system. (Satula Aff. ¶ 5.) Malicki seems to acknowledge this by stating in her reply brief that "at a minimum," the class should be conditionally certified as to the Sturtevant location. (Pl.'s Reply Br. at 2, Docket # 49.) It is difficult to see how employees at Leman's non-Wisconsin locations are similarly situated when an entirely different system to record hours worked was used. And it is unclear from the timecards provided what location the employees worked at.

Furthermore, while I can follow how the "hours worked" was calculated on Exhibit 4, Figure 1 from using the timecards, it is entirely unclear how counsel determined the "hours paid" column. The only payroll information provided is one pay statement from Malicki dated January 22, 2016. (Potteiger Decl. ¶ 7, Ex. 5, Docket # 26-5.) Without the payroll records (or the testimony of the fellow employees), there is no evidence to indicate that these employees were not properly compensated for the time they actually worked.

10

While the standard for conditional certification is not exacting, it is also not a "mere formality." *See Bitner*, 301 F.R.D. at 357. The plaintiff need only make a modest factual showing sufficient to demonstrate that she and the potential plaintiffs together were victims of a common policy or plan that violated the law. *See id.* Malicki has failed to make even this modest factual showing. Not only does she provide no affidavits, declarations, or depositions of fellow employees allegedly subjected to Leman's improper timekeeping policies, she herself testified that she had no knowledge of any other employee wronged by the policies. Further, the documentary evidence Malicki provides does not even suggest that Leman had a policy of improperly rounding time or failing to pay for short rest periods under twenty minutes long. For these reasons, Malicki's motion for conditional class certification is denied.

## CONCLUSION

Malicki alleges that Leman violated the FLSA through common policies of failing to pay employees for rest periods under twenty minutes long and for improperly rounding time. Malicki fails to provide any evidence that Leman had a rounding policy or improperly paid any other employee for work performed. Thus, Malicki has failed to make even a modest factual showing that she is similarly situated to the putative class plaintiffs. Her motion for conditional class certification is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for conditional class certification (Docket # 23) is **DENIED**.

Dated at Milwaukee, Wisconsin this 20th day of February, 2019.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

12